Curia,, per Savage, Ch. J.
The- questions., presented- for the consideration of this, court are, !. Had the plaintiff such, a property in, himself as would enable him,to maintain trover? 2. WasHenry M. Starkes a competent, witness ?
1;. As. tq property in the-, plaintiff. There, is nO- doubt, that the whole- property, at the. time, of the. contract between Coonrad- and the plaintiff, was, in Gqpnrad',. he having purchased the timber of Wilcox,, about the- 1st. of; January, 1825, The. contract w.as on the. 4th of January, 1825, By that contract no title to the- property passed-; but Goonrad then contracted to. deliver- the staves on. the-firs.t of June-then next.. On. the 10th of January, Coonrad' contracts w.ith Smith of Jmckport, to deliver him. 25,000. barrel staves, and Christopher- Worden, became surety to Smith for Goonrad’s. performance. A few days.afterwards, Coonrad delivered td-Worden, all the staves he had made, and all the timber on Wilcox’s land, as his, security for having joined, an surety for- Coonrad. to Smith.. On the 28th. of January, 1825, Coonrad delivered; to, the plaintiff all. his staves, and, timber on- Wilcox’s- land, as, security for the goods and money advanced by the plaintiff on the-com tract of: the 4th.
About th.e- 1st of April, 1825, Worden became uneasy in his situation, as- surety for Goonrad; and it. was agreed between him, Goonrad,. Smith, and Starkes, that- Starkes ‘should step into Worden’s place as. surely, and should *59 e staves as his security, which.was accordingly , , f; this arrangement Worden informed-the plaintiff,, and that ne, (Worden) had relinquished all his rights in-the. staves, to Starkes.
On the 6th- of May, 1,825, Coonrad, sold- the stay.es ons Wilcox’s land to Helon Mead and Starkes,. fpr money he owed them, and responsibilities incurred. Mead-, and Coon-rad afterwards, sold to the defendant,,Henry Lyon, 23,000 staves.
It seems, then, that; before the ¡transfer Qfthe staves-from; Coonrad to.the plaintiff,. they hadbeen pledged to Worden, in whose-place Starkes .was substituted,; Starkes.tbenheld them in pledge as. his indemnity for having become surety for Coonrad in his contract with. Smith, The judge very-properly remarks, that- it does not appear what that responsibility was; it might be $150,. (the value of 25,000 barrel staves,) or it, might be nothing; for it. does not appear whether, Smith, had' advanced anything on the* contract, or whether the contract had beenbroken. The staves were, however, pledged to. Starkes as his indemnity. This- was a, lien, older than the plaintiff’s.. The. transfer- to-the plaintiff seems to have,been by way ofpledge too, but in-effect-, placed-the plaintiff in Coonrad’s place on the 1st of June, when the contract expired, and the plaintiff might consider the staves his. own. He,, however, had then no greater rights than Coonrad would have had, had he not conveyed the staves to.the plaintiff. The plaintiff had not the actual possession; for Mead and Coonrad had sold the staves to the defendant Henry Lyon. He had not fhe right of possession until" he had redeemed’ the pledge to Starkes. In contemplation of. law the staves must be considered in possession of Starkes. The case, does not state when, the-contract with Smith was to be performed-; the presumption, however, cannot be that it had been performed. The prop: erty being shown to have been,pledged, the plaintiff "should have shown that the lien had been discharged; Not- haying done so, the possession and right of possession were in Starkes, until the power was redeemed, The plaintiff’ therefore had not that property in the staves which is necessary to maintain this action.
*60 *If I am right in the conclusion to which I have arrived, it is not necessary to the decision of this case, to take notice of the other point. But, as it has been argued and has been examined, I may properly state my conclusion upon it also. In trover, the real owner of the chattel is, in general, competent to defeat the action by proof of property in himself; for the record will not be evidence for him in any other action. (Stark. Ev. 1508.) In Mix v. Cutting, (4 Taunt. 18,) a witness was permitted to testify that he had received the property in question from the plaintiff as a security for money, and that according to his agreement with the plaintiff, he, the witness, had sold the property to the defendant. Mansfield, chief justice, said, the question is, whether the witness who bought a horse of the plaintiff is competent to prove that fact. I cannot possibly see any objection to his proving it; for, as between the witness and • the plaintiff, or the witness and the defendant, the verdict which is obtained upon his testimony in this cause will be of no avail to him. So in Ward v. Wilkinson, (4 B. and A., 410,) it was decided, for the same reason, that a witness may prove property in himself. On both grounds, therefore, a new trial should be granted.
New trial granted