### MAYER v. KILPATRICK et al.

(Common Pleas of New York City and County, General Term. April 2, 1894.)

1. PRINCIPAL AND AGENT—LIABILITY OF ONE DEALING WITH AGENT.

In an action for the conversion of a check it appeared that plaintiff's business was conducted by her husband as her agent, and that he took in his own name a lease of the premises in which the business was conducted. The husband drew a check on plaintiff's bank account in favor of defendants for a month's rent of the premises, and signed it as "attorney." Afterwards defendants represented that the check was lost, and on their promise to cancel and return it if found the husband was induced to give another check. After payment of the substituted check, defendants procured the first check to be paid also, claiming it to be due for another month's rent, which the husband denied. It did not appear that the husband consented to the application of the first check to the disputed claim for rent. *Held*, that defendants were not entitled to protection on the ground that they had received payment of a demand against the agent out of the principal's funds and in ignorance of the principal's rights.

2. TROVER AND CONVERSION—TITLE OF PLAINTIFF.

Where an agent made and delivered a check on the funds of his principal, and afterwards it was agreed that the check should be canceled and returned, the ownership of the check pursuant to such agreement reverted to plaintiff, and gave her such interest therein as entitled her to sue for its conversion.

Appeal from trial term.

Action by Sophie Mayer against T. Judson Kilpatrick and others to recover damages for an alleged conversion of a check. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Alex. Thain, for appellant.

Eugene D. Hawkins, for respondents.

BISCHOFF, J. Plaintiff, by Adolph H. Mayer, her husband and agent, conducted a tailoring business in premises of which the husband was the lessee in person, and respecting which defendants were the agents of the lessor. In connection with, and for the purposes of, her business, plaintiff kept a deposit account with the Riverside Bank, against which her husband was authorized to draw as the exigencies of the business required. On July 11, 1891, the husband paid defendants one month's rent by a check to their order, and signed by him, "Adolph H. Mayer, Attorney." Several days later, defendants represented that the check had been mislaid or lost, and, upon their promise to cancel and return it when found, the husband was induced to, and did, issue another. The substituted check was paid by the bank, and thereafter defendants also presented and received payment of the first. The proceeds of the check agreed to be canceled and returned were applied by defendants in payment of a further month's rent, which they claimed to be due the lessor and in arrear, but the justice of which claim the husband disputed. This action was brought to recover damages for the conversion of the check last mentioned. The foregoing facts appeared in evidence, unchallenged, when plaintiff closed the introduction of direct evi-

dence, and upon motion of defendants' counsel the court dismissed the complaint. We are of the opinion that this was error for which the judgment should be reversed. The specific grounds of the motion for nonsuit were that plaintiff had no beneficial interest in the check alleged to have been converted, or its proceeds, and that the check was given by the husband to pay his personal debt; also, that defendants were not liable because they received the check as agents for the lessor. In view of the facts that the check alleged to have been converted was rescinded and agreed to be canceled and returned by defendants after another had been given them in its place, and that it does not appear that the husband consented to its application to the payment of his alleged disputed debt, it is too plain to require argument that defendants cannot avail themselves of the protection which the law affords one who in good faith, and in ignorance of the rights of a subsequently ascertained principal, has received payment of a demand against the agent out of funds belonging to the former. Story, Ag. § 444. Neither can the principal authorize, or be deemed to have authorized, the commission of an unlawful act by his agent (Brown v. Howard, 14 Johns. 119), and defendants will not be permitted, therefore, to escape liability because in the conversion of the check they pretended to act for another, the lessor.

It remains to consider only whether plaintiff had such an interest in the check or its proceeds as enabled her to maintain this action. In conversion it must appear that the plaintiff had the legal title to, or a general or special property in, or a right to the possession of, the chattel or chose in action which is alleged to have been converted. Cooley, Torts (2d Ed.) p. 517; 4 Am. & Eng. Enc. Law, p. 117; Bush v. Lyon, 9 Cow. 52; Dillenback v. Jerome, 7 Cow. 294; Hall v. Daggett, 6 Cow. 653. The burden in this respect was conclusively sustained by the plaintiff, since, for the purposes of a nonsuit, the truth of every fact of which there is any evidence must be assumed. She authorized the making and utterance of the check; her husband, in these matters, acted as her agent. In legal intendment, therefore, the check was hers, not that of her agent. Before utterance of the check, the legal title thereto was in her; it was her property; she was entitled to its possession. After it was uttered, the title, property, and right of possession passed to the payees, but upon its rescission, and the agreement for its cancellation and return, these reverted to her. The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.