CATHERINE GUNNING and Another, as Administrators, etc.,
of MARTIN GUNNING, Deceased, Appellants, v. DENIS QUINN,
Respondent.

*Proof required in an action in trover by a client against his attorney.*

In order to maintain an action of trover against an attorney who has come right-
fully into the possession of money belonging to his client, upon which he has
a lien for his services and disbursements, it must be shown that the attorney
has been paid the amount due him, or that that amount has been tendered to
him.

APPEAL by the plaintiffs, Catherine Gunning and another, as
administrators, etc., of Martin Gunning, deceased, from a judgment
of the Supreme Court in favor of the defendant, entered in the
office of the clerk of the county of New York on the 9th day of
January, 1894, upon the dismissal of the complaint directed by the
court after a trial at the New York Circuit before the court and a
jury, and also from an order entered in said clerk's office on the
9th day of January, 1894, denying plaintiffs' motion for a new trial
made upon the minutes, and also from an order entered in said
clerk's office on the 3d day of January, 1894, denying the plaintiffs'
motion for a bill of particulars.

*Albert I. Sire,* for the appellants.

*J. Woolsey Shepard,* for the respondent.

FOLLETT, J.:

This action was brought to recover $1,623.43 alleged to have been
converted by the defendant. April 19, 1893, an order was duly
granted and entered in this court, by which it was:

"Ordered, that said motion be and the same hereby is granted,
and the defendant, the North River Savings Bank, is hereby ordered
and directed, upon due service upon it of a certified copy of this
order, to pay to James Gunning and Catherine Gunning, adminis-
trators of the estate of Martin Gunning, deceased, or to either of
them, or to Denis Quinn, their attorney, the sum of $2,359.75,
deposited with said bank to the credit of said Martin Gunning,

deceased, together with all the accrued interest due at the time of said payment "

On the day of the entry of the order the defendant drew from the bank $2,529.27, and on the 2d of May, 1893, he made out an account against the plaintiffs for services rendered and disbursements made as an attorney in several matters, including the recovery of the money in question, which had been in litigation for about two years. His bill as rendered amounted to $1,623.43, which, deducted from the sum drawn from the bank, leaves $905.84, for which he sent the plaintiffs his check, which was received. One of the plaintiffs' witnesses denies that the check was accepted, but it is alleged in the complaint that defendant had paid the plaintiffs $905.84, and the action was brought for the recovery of the remainder, $1,623.43. The defendant came rightfully into possession of the money, upon which he had a lien for his services and disbursements. To maintain trover the plaintiffs were required to show : (1) That the defendant had been paid the amount due him ; or (2) that the plaintiffs had tendered the defendant the amount due him. Before the owner of personal property held by another under a lien can recover for a conversion of the property by proof of its simple detention, the plaintiff must show a payment of the lien or a tender of an amount sufficient to pay the lien. (*Bush* v. *Lyon*, 9 Cow, 52 ; *Everett* v. *Coffin*, 6 Wend. 603 ; *Clark* v. *Costello*, 79 Hun, 588 ; Jones Pledgs. § 570 ; 2 Sel. N. P. [13th ed.] 1326.)

No attempt was made to show a tender, but the plaintiffs relied upon proving an agreement with the defendant, by which he was to perform all of the services which he had rendered for $400, and which had been paid him. We think the evidence given on the part of the plaintiffs of payment was entirely insufficient to raise a question, whether they had paid the defendant $400, assuming that there was an agreement that he should accept that sum.

Mr. Shepard, another attorney, was employed to assist the plaintiffs in the litigation, and they paid him $250.

Ellen Gunning, the daughter of one and the sister of the other plaintiff, testified that the defendant owed her sixty-six dollars for fixing gutters, leaders and roofs on his property. This was not an offset, unless by the agreement of the parties, and none was shown. Aside from these two items the sister testified that the defendant

had been paid $180 at different times, and in addition that she had made payment of various other small sums for disbursements. There is no evidence that the defendant agreed to perform all of the services and make all of the disbursements for $400, and the plaintiffs utterly failed to show that the defendant had been paid the sum which they say they had agreed to pay him, and consequently they failed to establish a right to recover. The judgment being affirmed it is entirely unnecessary to consider the plaintiffs' appeal from the order refusing to compel the defendant to furnish a bill of particulars.

The judgment and orders should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment and orders affirmed, with costs.