undertaking was waived by the plaintiffs' attorney serving a notice that he excepted to the sufficiency of the sureties, he was then required within 10 days thereafter to cause the sureties upon the undertaking, or other sureties, to justify before the court, notice of such justification to be given at least 5 days before the time at which the sureties were to appear to justify. The statute does not require that the notice must be served within 10 days, but that the sureties must justify within 10 days; and, if they failed so to justify (that is, to justify within 10 days), the effect was the same as if the undertaking had not been given. The defendant was advised of the fact that the notice was served too late, by its return to him by the plaintiffs. The plaintiffs were not bound to attend in court upon a day named, as they were entitled to treat the undertaking as void upon the failure of the defendant to procure the justification of the sureties within the 10 days specified. The learned judge below seems to have been impressed with the thought that there had been an adjudication by the municipal court as to the regularity of the proceeding, and that the justification was in time; but this, it is quite clear, was error. The justice had jurisdiction to determine whether the sureties were sufficient, if they appeared before him within 10 days after service of the notice excepting to the sufficiency of the sureties. If, however, they did not appear to justify within the 10 days, the statute provided the penalty, and that was that the action was to proceed as if no undertaking had been given. An allowance of the undertaking by default after the 10 days had expired did not affect this express provision of the Code, and make valid what the Code said was a void undertaking. We think that there was no stay of the proceedings, and that the plaintiffs had the right to issue the execution, and it was error to vacate it.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

ARKENBURGH v. LITTLE et al.

(Supreme Court, Appellate Division, Second Department. March 13, 1900.)

1. EXECUTORS AND ADMINISTRATORS—EMPLOYMENT OF COUNSEL—AUTHORITY OF JOINT EXECUTORS.
    An attorney for one of two joint executors has a lien on funds of the estate, coming into his possession as attorney for one of the executors, for services rendered in and about the administration of the estate, and may appropriate such funds in payment for his services.

2. SAME—PLEADING.
    In an action by one of two joint executors against an attorney and plaintiff's co-executor to recover money belonging to the estate, received by the attorney, and which he claims the right to appropriate in payment for services rendered by him for plaintiff's co-executor, an answer alleging that theretofore, in proceedings before the surrogate to secure an order directing the payment of a sum of money to another attorney, it was represented to the surrogate that defendant attorney had collected and retained the sum sued for, but which does not allege that the surrogate approved the retention, or acted on it in any way, is demurrable.

Appeal from special term, New York county.

Action by Eliza J. Arkenburgh, as executrix, against Robert F. Little, impleaded, etc. From a judgment in favor of defendant Robert F. Little, plaintiff appeals. Transferred from First to Second department. Affirmed.

The following is the opinion of the court below (SCOTT, J.):

The plaintiff and Oliver M. Arkenburgh are executrix and executor of the will of Robert H. Arkenburgh, deceased. The complaint alleges that on January 29, 1896, the defendant Little received the sum of $500 for six months' interest on a bond and mortgage made to the plaintiff and the defendant Oliver M. Arkenburgh, as executor of the estate of said Robert H. Arkenburgh, deceased, to its use; that thereafter plaintiff caused to be served upon the defendant Little a notice and a certified copy of an order, copies of which are attached to the complaint, but that said defendant has not complied therewith, or otherwise paid said sum, or any part thereof. The order referred to in the complaint was made by the surrogate of Rockland county in the matter of the settlement of the accounts of the proceedings of the executor and executrix, and requires the executrix and executor to deposit all moneys belonging to the estate which they, or either of them, had at the date of the order (July 18, 1894), or might receive thereafter, in the Farmers' Loan & Trust Company in the city of New York, to the credit of said estate, and to be drawn only on orders or checks signed by the executrix and executor. The notice attached to the complaint directed the attention of the defendant Little to the order above described, and required him forthwith to deposit in said trust company, or pay to the plaintiff, for depositing, the money for which this action is brought, with interest. Oliver M. Arkenburgh, as executor, is made a party defendant because he refused to join as plaintiff, and because he has an interest jointly with the plaintiff in the sum sued for. The defendant Little interposes three defenses, the second and third of which are demurred to. In the second defense he alleges that he had been for many years prior to the death of Robert H. Arkenburgh his legal adviser, and at his death became general counsel for and attorney of the plaintiff and Oliver M. Arkenburgh, as executors under the said last will of testator, and continued to be such counsel and attorney until December 24, 1893, when he ceased to be counsel for and attorney of plaintiff, but from said 24th day of December, 1893, to the present time has continued to act as counsel for and attorney of the defendant Oliver M. Arkenburgh in various matters pertaining to his duties as such executor; that he collected the $500 mentioned in the complaint in performance of his duties as such attorney, and pursuant to and under the retainer of said Oliver M. Arkenburgh; that the bond and mortgage upon which the $500 was paid as interest had been in defendant's possession from the date thereof, July 16, 1894, to and including the date on which said interest was collected, and had been placed and left in his possession by the defendant Oliver M. Arkenburgh; that on the 1st day of November, 1895, the said defendant Oliver M. Arkenburgh was indebted to defendant Little in the sum of $5,251.51 for professional services performed for said defendant Arkenburgh, and affecting and relating to the estate of said Robert H. Arkenburgh, deceased, and for moneys laid out and expended for said Oliver M. Arkenburgh, at his request, in and about the suits and business relating to said estate, and that, on the 29th day of January, 1896, the said sum of $5,251.51 remained due and unpaid; that on said 29th day of January, 1896, the defendant Little, by reason of said services so rendered, the possession of the bond and mortgage, and the indebtedness of Oliver M. Arkenburgh, as executor to him, was entitled to and had a lien on the said sum of $500 so collected by him; that, subsequent to the 29th day of January, 1896, and long before the 25th day of March (the date of the notice alleged by the complaint to have been served on defendant), the said defendant Oliver M. Arkenburgh duly consented and agreed with the defendant Little that the latter should retain said sum of $500 so collected by him as a payment on account of the indebtedness of said Arkenburgh to him, and credited as a payment on account thereof. The executrix and executor were joint owners of the bond and mortgage, and are to be considered as

but a single person having a joint right in the bond and the money collected upon it; and so, indeed, the complaint expressly alleges. When, as in the present case, two executors take an obligation to themselves as representatives of the decedent for a debt due to his estate, either one of them can lawfully receive payment. It is well settled that where an estate has two or more executors or administrators, each of them has full control of the assets, and may dispose of the same without the co-operation of his associate. Brennan v. Lane, 4 Dem. Sur. 328. The defendant Oliver M. Arkenburgh, as an executor, therefore had a right to the possession of the bond and mortgage, and was entitled to enforce, through his attorney, the collection of the interest thereon. Being thereto authorized by one of the executors, and one of the joint obligees of the bond, the defendant Little came lawfully into possession of the $500 interest. The defendant Arkenburgh has a right to retain the services of an attorney to perform such legal services as might be necessary to be performed with regard to the administration of the estate, and to pay him for such services. This right, of course, was subject to the subsequent approval of the surrogate, so far as concerns charging the estate with the cost of such services. But, as between Little and Arkenburgh, the former had a right to enforce his claim for compensation. Having performed services for one of the executors with respect to the business of the estate, the attorney became entitled to a lien upon any securities or funds of the estate which might lawfully come into his hands. Gunning v. Quinn, 81 Hun, 522, 30 N. Y. Supp. 1015; In re Knapp, 85 N. Y. 284. If the defendant Little had been employed by both executors, had rendered services to both for which he had not been paid, and had, with the consent of both, collected the interest, and applied it to the part payment of his bill for services, it would probably not be even suggested that either of the executors, or even both of them, could maintain an action to recover back the money. Being executors, with joint ownership and joint power, they constitute an entity, and the acts of either of them with respect to the administration of the estate must be deemed to be the acts of both, for both have a joint and entire authority over the whole property. Barry v. Lambert, 98 N. Y. 308. The situation presented by the pleadings, so far as concerns the second defense, is precisely as if the plaintiff had, in fact, united with her co-executor in employing the defendant Little, authorizing him to collect the interest, and agreeing that he should retain it in part payment of his claim for services. I find no legal objection to the second defense, and as to it the demurrer must be overruled. The third defense alleges that in June, 1897, Oliver M. Arkenburgh made an application to the surrogate, based upon certain allegations respecting the administration of the estate, whereupon an order was made directing the plaintiff to unite with the defendant Oliver M. Arkenburgh in signing a check for $2,000, the proceeds whereof were to be paid to another attorney, not the defendant Little, for legal services as counsel for the defendant Arkenburgh. I am unable to see how the allegations of this third defense constitute any defense at all to this action. It is true that it is alleged that upon this application Oliver M. Arkenburgh represented to the surrogate that the defendant Little, on January 29, 1896, had collected $500 interest, which had been credited by him on account of his bills for services, but it is not alleged and does not appear that the surrogate approved this retention, or acted upon it in any way, if, indeed, he could effectually have done so in that proceeding. The demurrer to the third defense must, therefore, be sustained. Demurrer as to second defense overruled, and as to the third defense sustained, without costs to either party as against the other.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Charles Edward Souther, for appellant.
Frank W. Arnold, for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs, on the opinion of Mr. Justice SCOTT at special term.