**1. Attorney's Lien.**
Under Code Civ. Proc. § 66, giving an attorney a lien in the Surrogate's Court on estate for services rendered to an executor, such lien is not lost by a transfer of the estate, by an order of the court, before it is finally administered, to a coexecutor.

In the matter of the estate of George W. Crough. Petition by attorney to enforce his lien on the estate. Granted.

Charles M. Williams and Henry Selden Bacon, for executor.

S. D. Bentley, in pro. per.

BENTON, S. Section 66 of the Code of Civil Procedure, as amended in 1899, applies to Surrogates' Courts, and secures to an attorney a lien upon his client's cause of action, claim, or counterclaim, which attaches to a decision or final order in a client's favor, and the proceeds thereof, in whosoever hands they may come. The court has power, on petition, to determine and enforce the lien. Attorneys had such a lien, however, before the amendment of 1899. Matter of Regan, 167 N. Y. 338, 60 N. E. 658. "Prima facie it is a right accruing through an implied contract. It is not affected by the fact that the client is an executor, and the services rendered and the money received are in behalf of the estate; nor is it confined to moneys recovered by judgment." Matter of Knapp, 85 N. Y. 284. "It is peculiarly one to be enforced by peculiar methods. If the fund recovered was * * * under the control of the court, * * * in administering the fund it would see that the attorney was protected." Acquiescence, however, in a transfer or distribution of the fund, would bar the attorney's rights to seek the intervention of the court to protect his claim. Goodrich v. McDonald, 112 N. Y. 157, 19 N. E. 649. Funds of an estate are essentially trust funds so long as they remain in the hands of the executors. The conduct of the personal representative in the administration of the estate is subject to the direction and control of the Surrogate's Court. Code Civ. Proc. § 2472. For many purposes the estate is in Surrogate's Court until it is finally distributed. Such reasonable expenditures as the personal representative makes for legal or other services in behalf of the state are allowed him from it. Practically this amounts to the same thing as enforcing an attorney's claim by way of lien. In either case the action of the Surrogate's Court takes the money from the estate. This lien and right of enforcement in Surrogate's Court has existed since such courts have been courts of record. Matter of Regan, supra. "It is a general principle that a trust estate must bear the expense of its administration," and the attorney's lien for compensation may be a part of such expense. Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Railroad v. Pettus, 113 U. S. 116, 5 Sup. Ct. 387, 28 L. Ed. 915.

Under the evidence in this proceeding, there is no contention as to the value of the services rendered. It is contended, however, that, so far as the estate is concerned, the attorney did not act "with all good

fidelity," but I do not so find. The right of lien is not claimed and does not attach to services exclusively for the accounting executor in his individual capacity. The assets have been turned over to the co-executor. It is claimed by such action the attorney has lost his right of lien, if he ever had any. That transfer could hardly be called voluntary. It was made by direction of the court. The estate is still as much in this court as before. Executors, however numerous, are regarded in law as an individual person. Barry v. Lambert, 98 N. Y. 301 (308), 50 Am. Rep. 677; Arkenburgh v. Arkenburgh, 27 Misc. Rep. 760, 59 N. Y. Supp. 612. It follows that the attorney must be adjudged to have a lien for the value of his services rendered the executors, or either of them, in the administration of this estate, which attaches to the estate still unadministered and in the hands of any of the executors. As to the $13.08 and the $135.08, the attorney has not only the lien, but the possession, and these items must be adjudged payments pro tanto upon his claim. Findings and a decree may be drawn accordingly and settled and entered on two days' notice. Applications for costs may then be made, if advised. The stenographer's fee in this matter, of $10.75, may be paid by the petitioner, and allowed him from the estate as a disbursement herein.

Decreed accordingly.