## FIRST DEPARTMENT, APRIL, 1920.

JAMES TALCOTT, INC., Respondent, v. ACME FINISHING COMPANY, Appellant.

*Attachment — sufficiency of papers on which writ granted.*

Appeal from an order of the Supreme Court, entered in the New York county clerk's office February 17, 1920, denying a motion to vacate a warrant of attachment.

Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Dowling, Laughlin, Smith, Merrell and Greenbaum, JJ.; Smith and Greenbaum, JJ., dissenting.

GREENBAUM, J. (dissenting): It seems to me that the papers on which the attachment was granted are fatally defective. It appears from these papers that when the goods, which it is alleged were converted by the defendant corporation, were sent to it for finishing, the consignors gave instructions to the defendant " in respect of dyeing, bleaching, printing, etc., as required in each case." The only other averments in these papers bearing upon the alleged conversion of these goods are contained in an affidavit made by one of the consignors as follows: " The books and records of Tilton & Keeler [consignors] show that the goods set forth in paragraph ' Third ' of the complaint remain undelivered to the plaintiff herein. The defendant has admitted shortage in delivery of all the goods, with the exception of about 60,000 yards of grey goods which it claims were transferred upon the plaintiff's order." It is not set forth what the " records " of the consignor show and

indeed even if the copies of the records were disclosed, they would have no probative force and would not be competent evidence against the plaintiff. As to the alleged admission of defendant in regard to " shortage in delivery," it is a mere conclusion of the affiant. It is not shown who made the admission or upon what facts the admission is based. Nor does it appear to what extent a " shortage " was admitted. There is no allegation that at the time of the alleged demand upon defendant for the return of the goods, defendant was under any obligation to surrender the goods. Moreover, assuming that the plaintiff had the arbitrary right to demand the return of the goods at any time regardless of whether the work upon them had been completed, it was incumbent upon it to show that it was entitled to a return of the goods upon demand. There were no allegations as to the condition of the goods at the time of the demand or that the defendant's claim for work done upon the goods had been paid or satisfied or that a tender for the payment of the value of work had been made. The rule as to what must be shown to establish conversion is well considered in *Gunning* v. *Quinn* (81 Hun, 522, 523; affd., 153 N. Y. 659) as follows: " The defendant came rightfully into possession of the money, upon which he had a lien for his services and disbursements. To maintain trover the plaintiffs were required to show: (1) That the defendant had been paid the amount due him; or (2) that the plaintiffs had tendered the defendant the amount due him. Before the owner of personal property held by another under a lien can recover for a conversion of the property by proof of its simple detention, the plaintiff must show a payment of the lien or a tender of an amount sufficient to pay the lien. (*Bush* v. *Lyon*, 9 Cow. 52; *Everett* v. *Coffin*, 6 Wend. 603; *Clark* v. *Costello*, 79 Hun, 588; Jones Pledgs. § 570; 2 Sel. N. P. [13th ed.] 1326.) No attempt was made to show a tender, but the plaintiffs relied upon proving an agreement with the defendant, by which he was to perform all of the services which he had rendered for $400, and which had been paid him. We think the evidence given on the part of the plaintiffs of payment was entirely insufficient to raise a question, whether they had paid the defendant $400, assuming that there was an agreement that he should accept that sum." The attachment should have been vacated. The order denying defendant's motion to vacate must be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. Smith, J., concurs.