(162 App. Div. 851)

CUNNINGHAM v. CITY OF NEW YORK.   (No. 5932.)

(Supreme Court, Appellate Division, First Department.   June 12, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 120*)—ADMINISTRATOR DE BONIS NON—AUTHORITY—SATISFACTION OF JUDGMENT.

An administrator de bonis non, appointed under Code Civ. Proc. § 2664, to prosecute an action for the wrongful death of his intestate, is not, under the direct provisions of the statute, authorized to enter satisfaction of the judgment without further order of the surrogate, where his authority was limited to the prosecution of the action, and hence his attorney cannot execute satisfaction pieces.

[Ed. Note.—For other cases, see Executors and Administrators. Cent. Dig. §§ 485–492; Dec. Dig. § 120.*]

2. DEATH (§ 101*)—ACTION—JUDGMENT—SATISFACTION PRO TANTO.

In an action by an administrator de bonis non, to vacate satisfaction of a judgment recovered against the defendant city for the wrongful death of plaintiff's intestate, where the attorney of plaintiff's predecessor had without authority executed satisfaction pieces, the defendant is entitled to credit for the sum deposited with the city chamberlain, pursuant to an order of the Supreme Court directing the deposit of one-third of the recovery as security for the fees of the attorneys who first instituted the action and were removed, for, although the surrogate may have exclusive authority to determine the sum which should be paid, the defendant is, under the direct provisions of Code Civ. Proc. § 743, discharged to the extent of the deposit.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 132–140; Dec. Dig. § 101.*]

3. DEATH (§ 101*)—ACTION—JUDGMENT—PARTIAL SATISFACTION.

Under Code Civ. Proc. § 1903, providing that the surrogate shall have exclusive jurisdiction to determine and allow for the expenses of an action for wrongful death, a municipality, which without warrant paid the amount of such a judgment to the administrator's attorney, is entitled to be credited for such amounts as, upon proper application, shall be allowed by the surrogate.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 132–140; Dec. Dig. § 101.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. DEATH (§ 101*)—ACTIONS—ALLOWANCES BY SURROGATE.
    The municipality, being an interested party, may apply for such allowances.

    [Ed. Note.—For other cases, see Death, Cent. Dig. §§ 132–140; Dec. Dig. § 101.*]

Appeal from Trial Term, New York County.

Action by John J. Cunningham, administrator de bonis non of Erwin L. Coolidge, deceased, against the City of New York. From a judgment for plaintiff (141 N. Y. Supp. 1000), defendant appeals. Modified and affirmed.

This action was brought to vacate certain satisfactions of judgment entered in favor of William J. Parks, as administrator de bonis non of Erwin L. Coolidge, deceased, against the city of New York, upon the ground that the satisfaction pieces were executed without authority. The answer denies some of the allegations of the complaint, and sets up two affirmative defenses, namely, due payment of the amount of the judgments, and laches.

Erwin L. Coolidge was killed in an accident on a public highway on May 27, 1902. He died intestate, and left him surviving a widow and four infant children. The widow obtained letters of administration, and through Powers & Hoff, her attorneys, started an action against the city of New York to recover damages for the death of said Erwin L. Coolidge. A judgment was recovered in favor of the plaintiff against the city, from which an appeal was taken to the Appellate Division, First Department. Pending the decision of the said appeal, William B. Waring was substituted as attorney for the plaintiff. Upon the appeal the judgment was reversed and a new trial granted.

Thereafter the plaintiff, Mary E. Coolidge, died, and William J. Parks was appointed administrator de bonis non; his letters being limited to prosecuting the action and without power to collect or compromise. The action was revived by said William J. Parks, as administrator, and resulted in a judgment in favor of the plaintiff and against the city in the sum of $18,653.69. The city appealed to the Appellate Division, upon which appeal the judgment was affirmed, and a further judgment for $117.55 costs was entered. The city again appealed to the Court of Appeals, which court again affirmed the judgment, and a further judgment for $139.90 costs was entered.

When William B. Waring was substituted as attorney for the plaintiff in place of Powers & Hoff, the court made an order requiring payment to the city chamberlain of the city of New York of one-third of any recovery in the action, in order to secure the claim for services of said Powers & Hoff. Pursuant to this order, and on March 6, 1907, the defendant paid one-third of the total recovery, including interest, namely, the sum of $6,904.10, to the chamberlain of the city of New York. The other two-thirds, namely, $13,808.-21, was paid to William B. Waring, the attorney for the plaintiff, who executed satisfaction pieces of the judgments. The satisfaction pieces were filed and the judgments canceled of record.

The letters of administration of William J. Parks were revoked on December 4, 1910. Thereupon John J. Cunningham, the plaintiff in this action, was appointed administrator de bonis non of Erwin L. Coolidge, in place of the said William J. Parks. The letters of administration of the plaintiff in this action give him power to prosecute only, without power to collect or compromise. The present action was then commenced by the plaintiff, and resulted in the judgment appealed from.

Out of the moneys received by him, Waring retained $7,500 for his own services, paid $1,500 to counsel for arguing the appeals, and $2,500 to Parks, then administrator, to reimburse him for certain expenditures.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles J. Nehrbas, of New York City, for appellant.
Alfred L. Marilley, of New York City, for respondent.

SCOTT, J. [1] It is quite clear that the administrator de bonis non of the goods, chattels, and effects of Erwin L. Coolidge, deceased, had no authority to collect and receive the amount of the judgments against the defendant, until thereto authorized by the surrogate. · Section 2664, Code of Civil Procedure. What he could not do himself, his attorney could not do as his agent. The payment to the attorney, Waring, was therefore unauthorized, and his attempted satisfaction of the judgments ineffective. These facts justify the judgment appealed from, whereby the parties will be restored to the position they held before the unauthorized satisfaction pieces were executed and filed.

[2] It does not follow, however, that defendant should be required to pay the said judgments in full. It is entitled to be credited upon said judgments with the amount paid into court under the order of October 14, 1904. Assuming that no payment could lawfully be made out of the recovery for the expenses of the action, except after the surrogate had determined the amount to be paid, and that in the particular action the surrogate had exclusive authority to determine such amount (section 1903, Code of Civil Procedure), still the Supreme Court, in which the action was pending and to which application necessarily must be made for a substitution of attorneys, had authority to provide protection for the claim of the original attorneys, even if it had not authority to determine the amount due to them. So much of the order of October 14, 1904, which required a certain sum to be paid into court to protect the claims and liens of the original attorneys, was therefore valid, and the payment of the specified sum into court discharged defendant from all liability to the extent of the money so paid in (section 743, Code Civil Procedure). Whether the chamberlain was justified in paying over any part of said sum to the attorneys for whose protection it was deposited, if, indeed, he did so pay it (as to which the decision is silent), without an order of the surrogate fixing the amount to be paid, is a question which does not now arise. It can be determined when the chamberlain, to whom the money was paid, is called upon to refund it. He is not a party to the action, and no judgment respecting his liability can be entered.

[3, 4] The defendant is also entitled to be credited with such amounts as, upon a proper application, shall be allowed by the surrogate under the provisions of section 1903, Code Civil Procedure. The application for such allowance may be made by any person interested, including, under the circumstances of the present case, the defendant.

The judgment appealed from will therefore be modified, in accordance with the views hereinbefore expressed, and, as so modified, affirmed, without costs to either party. Settle order on notice. All concur.