In the Matter of the Application of JOHN J. CUNNINGHAM, as Administrator de Bonis Non, etc., of ERWIN L. COOLIDGE, Deceased, for the Payment of a Judgment.

THE CITY OF NEW YORK, Appellant; JOHN J. CUNNINGHAM, as Administrator, Respondent.

First Department, December 29, 1916.

Damages — recovery in action against city for negligence causing death — appeal — direction of Appellate Division that surrogate ascertain allowances made to defendant under section 1903, Code of Civil Procedure.

Where a city, against which a judgment for damages for negligence causing death has been rendered, wrongfully paid the amount of the judgment to an administrator *de bonis non* whose powers were limited to the prosecution of the action and who was without power to collect the judgment, and the satisfaction of the judgment has been subsequently set aside in a new action brought for that purpose by a substituted administrator *de bonis non*, and the Appellate Division on an appeal by the city from the latter judgment had determined that it should be

First Department, December, 1916.          [Vol. 176.

credited with a portion of the judgment paid to the city chamberlain to secure the plaintiff's attorney's claim for services rendered, and on proper application to the surrogate was also entitled to be credited with such sums as the surrogate might determine in a proceeding under section 1903 of the Code of Civil Procedure, it was error for the surrogate to refuse to determine the reasonable expenses incurred by the city in the prosecution of successful appeals to the Appellate Division in the negligence action, for the decision of the Appellate Division required the surrogate to determine the reasonable amount thereof.

APPEAL by The City of New York from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court overruling objections made to the payment in full of a judgment to the petitioner.

*Charles J. Nehrbas,* for the appellant.

*Alfred L. Marilley,* for the respondent.

McLAUGHLIN, J.:

This appeal is by the city of New York from a decree of the Surrogate's Court overruling its objections to the payment of the amount of a judgment, less a portion of it paid to the city chamberlain, and directing that the amount to be paid to the administrator *de bonis non* be accounted for and distributed in accordance with section 1903 of the Code of Civil Procedure.

To properly appreciate the objections which the city interposed necessitates a brief statement of the facts involved. On the 27th of May, 1902, Erwin L. Coolidge sustained injuries on one of the public streets of the city, which resulted in his death. He left him surviving a widow and four infant children. The widow, Mary E. Coolidge, was appointed administratrix and, through her attorneys Powers & Hoff, brought an action against the city and others to recover damages alleged to have been sustained by reason of the death of her husband. The action resulted in a judgment against the city. An appeal was taken to the Appellate Division, where the judgment was reversed and a new trial ordered. Intermediate the appeal and the reversal of the judgment, one William B. Waring was substituted in place of Powers & Hoff as attorney for the plaintiff. After the substitution, Mrs. Coolidge died and one William J. Parks was appointed administrator *de bonis non,* but with powers limited to the prosecution of the action. The

action was then revived by Parks, as administrator, and by him, through his attorney Waring, prosecuted to and resulted in a judgment against the city for $18,653.69. The city again appealed to the Appellate Division, where the judgment was affirmed with $117.55 costs. Then the city appealed to the Court of Appeals and the judgment was again affirmed, with $139.90 costs. When Waring was substituted as attorney for Powers & Hoff the court made an order requiring payment to the city chamberlain of one-third of any amount that might be recovered to satisfy the alleged lien of Powers & Hoff. In pursuance of this order one-third of the recovery — $6,904.10 — after the affirmance of the judgment by the Court of Appeals — was thus deposited; the other two-thirds — $13,808.21 — was paid to Waring, who executed and delivered to the city satisfactions of the three judgments, and the same were satisfied and canceled of record. No part of this recovery was ever paid to the widow or next of kin, and Parks' powers as administrator were never enlarged or modified in any way, he being limited, as already indicated, simply to the prosecution of the action. After the payment to Waring and the satisfaction of the judgments he died, and it was then for the first time discovered by some one acting for or on behalf of the next of kin of the decedent that the judgments had been paid and satisfied. Proceedings were at once taken which resulted in the removal of Parks as administrator and the appointment of Cunningham, the present respondent, in his place. His powers, like Parks', were also limited. The respondent at once brought an action to set aside the satisfaction of the three judgments. The city defended on certain grounds, among others the right to offset what it had paid by order of the court to the city chamberlain, and also the reasonable expenses paid or incurred in the prosecution of the actions, including the appeals from the judgments.

Upon the issue thus formed the case came on for trial at Special Term, and at its conclusion judgment was given for plaintiff for the relief prayed for in the complaint, and the three judgments were thereupon set aside and canceled. The city again appealed to the Appellate Division, where the judgment was modified (*Cunningham* v. *City of New York,* 162

App. Div. 851) to the extent of allowing the city to deduct from the amount of the judgment the amount paid to the city chamberlain, $6,904.10, and also such sums as the surrogate might determine, in a proceeding instituted under section 1903 of the Code of Civil Procedure, had been paid or incurred for the reasonable expenses of the action — including the appeals — brought to recover damages for the death of the decedent. After this modification the respondent instituted a proceeding before the surrogate to have such expenses determined. Citation was issued, directed to the city, and a hearing had. At such hearing the city claimed it was entitled to be credited with (a) $7,500 paid Waring for legal services; (b) $2,500 paid by Waring to Parks as administrator; (c) $1,500 paid to two counsel for preparation of briefs and argument of appeals in the Appellate Division and Court of Appeals; (d) $500 paid to one Rosalie Whitney; and (e) $25 paid to one Baxter — making in all $12,025, and leaving a balance due on the judgment of $1,783.21. At the conclusion of the hearing the surrogate held that the city had failed to establish it was entitled to any of the credits and decreed that the whole amount remaining due — $13,808.21 — with interest, should be paid to the respondent as administrator, and by him accounted for and distributed in pursuance of section 1903 of the Code of Civil Procedure. It is from this decree that the present appeal is taken.

The learned surrogate, as it seems to me, failed to appreciate the force and effect of the decision of this court when it modified the judgment appealed from and permitted the city to deduct such sums as the surrogate might determine had been paid or incurred for the reasonable expenses of the action. The fact was not disputed but what an action had been brought, a judgment recovered after trial had, an appeal then taken to the Appellate Division, where the judgment was reversed and a new trial ordered; that such new trial was had and a judgment again recovered, and appeals then taken to the Appellate Division and Court of Appeals respectively. Expenses were necessarily incurred in bringing the action and trying the issues involved, as well as in the preparation for and prosecuting of the appeals. The litigation was protracted and the right of

recovery seriously contested at every stage of the proceeding. Eminent counsel were employed to argue the appeals. These facts were all before the surrogate, and under the decision of this court it was for him to determine the reasonable expenses incurred. Of course the surrogate was not bound by the opinion of experts as to the value of the services rendered, but he was bound to find what such reasonable expenses were. He could not shut his eyes to the fact that some expenses had been incurred and dismiss the proceeding upon the theory that the city had not established its objection to the payment of the full amount of the judgment. Proof of the rendition of the services and the expenses incurred required the surrogate to make a finding as to what was the reasonable amount to be allowed, and such amount, when thus ascertained and determined, the city, under our former decision, was not required to again pay.

The decree appealed from, therefore, is reversed, with costs to the appellant payable out of the fund, and the matter remitted to the Surrogate's Court to proceed in the manner indicated in this opinion.

CLARKE, P. J., LAUGHLIN, DOWLING and DAVIS, JJ., concurred.

Decree reversed, with costs to appellant payable out of the fund, and matter remitted to the Surrogate's Court. Order to be settled on notice.