James H. Sullivan, Respondent, *v.* The Mayor, etc., of the City of New York, Defendant; Ella S. Webster, Appellant.

*Attorney and client — transfer of a client's papers to a third party.*

An attorney's lien upon papers of a client in his hands, for the compensation due him for services rendered in an action, is one strictly personal to the attorney, and cannot be transferred by him to a third party.

*Semble*, that the act of an attorney in permitting papers of a client to go out of his hands into those of a third party, is a breach of trust which will justify the client in terminating the attorney's employment, and prevent the attorney from recovering compensation for services rendered.

When an attorney transfers papers of a client to a third party, on making an assignment to such party of his claim against the client for services, the third party cannot retain possession of the papers from the client as security for the assigned claim, but must deliver them up, and be remitted to an action for any claim he may have against the client.

Appeal by Ella S. Webster from an order of the Supreme Court, made at the New York Special Term at Chambers, and entered in the office of the clerk of the city and county of New York on the 23d day of December, 1892, directing the said Ella S. Webster, as assignee of John H. Strahan, deceased, an attorney of the Supreme Court, upon the payment to her by the plaintiff of $100, the amount found to have been due from the plaintiff to Strahan, to forthwith deliver to Kellogg, Rose & Smith, substituted attorneys for the plaintiff, certain papers upon which she claimed a lien, as assignee of said John H. Strahan, for moneys due to said Strahan from the plaintiff, for professional services.

*J. H. Bowers*, for the appellant.

*L. L. Kellogg*, for the respondent.

Per Curiam:

Although the order to show cause and answering affidavits upon which this motion was made, are not printed in the records, it would appear from the recitals in the order appealed from, that this is a proceeding commenced by an order to show cause, requiring one Ella S. Webster, an assignee of John H. Strahan, the former attorney for the plaintiff in this action, to show cause why she should not deliver up to the attorneys who were substituted as the attorneys in place of said Strahan, the pleadings, and all papers in this action which were in the possession of said Ella S. Webster; that on the return of that order to show cause, there was an order of reference made to a referee to determine the amount due to said Strahan or his assignee, the said Webster, from the plaintiff, and that the said Webster claimed to have a lien upon the papers and exhibits belonging to the plaintiff which were to be used in the prosecution of the action for the amount due said Strahan, as attorney therein, by virtue of an assignment by Strahan to her of his claim for services against the plaintiff, and the delivery by Strahan to her of the papers held as plaintiff's attorney; and the order appealed from directs the said Webster to deliver to the substituted attorneys .for plaintiff, these papers and exhibits, upon the payment to her of the amount found due by the referee from plaintiff to Strahan, for the services that he had rendered to the plaintiff as his attorney in this action.

The appellant appeals from the order on the ground that the amount allowed by the referee is less than the amount actually due to said Strahan by the plaintiff, and the remarkable spectacle is presented of a person not an attorney claiming to hold the papers and exhibits in a lawsuit that had been intrusted by a client, a party to the action, to his attorney, for the purpose of prosecuting the action, and where such third person claims to hold such papers and exhibits by transfer or assignment from the attorney.

Although the point that a lien upon papers in the hands of the attorney for the compensation due him for services rendered in an action is one strictly personal to the attorney, and cannot be transferred by him to a third party, was not raised upon this appeal, it seems to us that we should not allow it to go unnoticed.

The theory upon which this lien is claimed by the appellant would

seem to be that a lien upon papers of a client submitted to his attorney is substantially like a lien upon a bale of goods that has been pledged to secure the payment of a sum of money, and that an attorney holding such papers of his client occupies merely the position of a bailee.

We think it clear that such relation did not exist between Mr. Strahan and his client.

The relation between a client and his attorney is one of trust and confidence, and it is a violation of that trust for an attorney in any way to divulge any of the information given to him by his client, or allow any of the papers or documents held by him as attorney to go out of his possession, and when Mr. Strahan attempted to deliver to the appellant these papers in this suit he committed a breach of trust, such as would justify the plaintiff terminating the relation that existed between them, and we incline to the opinion that it would prevent him from recovering any compensation for the services that he had rendered, and that the moment that the client discovered that his attorney had been guilty of this breach of trust, he had the right to demand the return of the papers from the person to whom they had been delivered, and such person had no right to them as security for anything she had advanced to the attorney.

If, however, the appellant, as assignee of Strahan, has any claim against this plaintiff, she can enforce such demand by action, but those papers are the papers of the plaintiff, and he is entitled to their possession, and this attorney had no power, by any act of his, to transfer them to the appellant, and thus prevent the plaintiff from obtaining possession of them.

The plaintiff, however, does not appeal from this order.  It is the assignee of the attorney only who appeals, and we are of the clear opinion that the appellant has no ground to complain of the order appealed from.  The order should, therefore, be affirmed, with ten dollars costs and disbursements, but without prejudice to the right of appellant to bring an action to recover the sum, if any, which may be due to her as assignee of Strahan.

Present—Van Brunt, P. J., O'Brien and Ingraham, JJ.

So ordered.