### ROSE v. WHITEMAN et al.

(Supreme Court, Trial Term, Steuben County.   November, 1906.)

**1. ATTORNEY AND CLIENT—COMPENSATION OF ATTORNEY—LIEN.**

Attorneys, who have performed services for which they have not been paid, may assert a lien on moneys coming into their hands as such attorneys, and hold the moneys till their compensation has been agreed on, and the amount ascertained to be due them either paid or tendered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 315.]

**2. SAME—RECOVERY OF MONEY COLLECTED—FORM OF REMEDY.**

Where attorneys retain moneys coming into their hands, claiming a lien for services for which they have not been paid, the client's remedy is not by an action for conversion, but by application to the court for an order requiring the attorneys to show cause why they should not pay over any moneys belonging to her or by an action for an accounting.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 264, 270, 275.]

Action by Mary L. Rose against Floyd E. Whiteman and another. The plaintiff was nonsuited, and moves for a new trial on the court's minutes on all the grounds stated in Code Civ. Proc. § 999.   Motion denied.

Beard & Allen (John F. Little, of counsel), for plaintiff.
Whiteman & Hill (James O. Sebring, of counsel), for defendants.

CLARK, J. Plaintiff brings this action against the defendants for $335.97, with interest from January 25, 1904, and alleges that the defendants wrongfully converted that amount of her money to their own use. The case was tried at the November Trial Term, 1906, in Steuben county, and resulted in a nonsuit.

The evidence disclosed the fact that for a considerable time prior to the time when the plaintiff alleges that the defendants converted these moneys to their own use the defendants, who are attorneys and counselors at law, had been regularly employed by the plaintiff, and had performed various services for her which had never been fully paid for. Among other services performed by the defendants for plaintiff was to procure a conveyance to her and her infant son from certain parties residing in Medina, N. Y., of certain real estate which had been devised to these parties in and by the will of plaintiff's deceased husband. She testified that the price for defendants' services for doing that business was not agreed upon, and at another point in her testimony, the plaintiff testified as follows: "They [meaning defendants] did much work, and I paid them nothing." It was perfectly plain from the evidence that the plaintiff had not fully paid the defendants for all the services they had rendered to her as such attorneys, and the evidence before the court was, of course, controlling on the point whether or not sufficient facts had been shown to entitle the plaintiff to go to the jury. The moneys in question, which came into their hands as such attorneys, they had a right to assert a lien upon, and they were clearly within their rights in holding said moneys until their compensation had been agreed upon, and the amount ascertained to be due them had either been paid to them or tendered. Gunning v. Quinn, 81 Hun, 522, 30 N. Y. Supp. 1015; Code Civ. Proc. § 66.

It seems to me that the plaintiff mistook her remedy. She could have applied to the Supreme Court for an order requiring the defendants to show cause why they should not pay over to her any moneys belonging to her, and which were wrongfully withheld by them. On the return of such order the court would have had the power to appoint a referee to take proof of the facts, and, if the referee's report showed that there was in the hands of the defendants any sum of money belonging to the plaintiff in excess of what she owed them for services, on the coming in of such report, if the findings of the referee were justified by the evidence, the court could summarily direct the defendants to pay over any such moneys, and, if they failed to do so, they could be proceeded against by attachment as for a contempt. Or the plaintiff could have commenced an action for an accounting, and, if it was ascertained on the trial of such an action that any sum of money was in the hands of the defendants belonging to the plaintiff over and above their reasonable charges for services and disbursements, then, if they failed to pay over said moneys after demand, an action for conversion could undoubtedly have been maintained. But the plaintiff did not resort to either of these remedies. Before the amount of the defendants' compensation had been agreed upon or fixed, and when they asserted a lien upon whatever moneys they had in their hands belonging to the plaintiff as security for the services they had rendered her, she brings this action for the whole amount of the

moneys in their hands, and brings it in tort, charging the defendants with having unlawfully converted it to their own use, without tendering them any amount to which they might be entitled for the services rendered her, nor in any manner attempting to provide for the payment of her attorneys.

The whole matter of the amount of the defendants' compensation was in dispute, the plaintiff admitting that the price of defendants' services for obtaining the deed above referred to was not agreed upon, and it seems to me that, with the facts established at the close of plaintiff's case, there was nothing to submit to the jury, for when moneys come into the hands of attorneys in the course of their business, and they have a lien on said moneys as security for their services and disbursements, I do not think that an action for conversion will lie against them until after there has been an accounting. Jackson v. Moore, 72 App. Div. 217, 76 N. Y. Supp. 164. It is true that that decision was modified on a subsequent appeal, where the case is reported in 94 App. Div. 504, 87 N. Y. Supp. 1101, but it was because the facts on the second trial differed very considerably from the facts in the first trial. If the defendants had performed no services for which the plaintiff was liable at the time she delivered to them the check, then, upon their refusal to deliver to her the funds, they would have been liable for conversion, but those are not the facts in this case. The plaintiff admitted that she owed the defendants, and without tendering them, or offering to pay any amount she may have been owing them, she demanded the whole amount of the check which they had collected for her, and upon refusal commenced this action for the whole amount, charging the defendant with conversion, and until there had been an accounting I do not think that this action in conversion could be maintained, for defendants had a lien on these moneys for any amount an accounting would show plaintiff owed them. Jackson v. Moore, 72 App. Div. 217, 76 N. Y. Supp. 164; Gunning v. Quinn, 81 Hun, 522, 30 N. Y. Supp. 1015; Matter of Knapp, 85 N. Y. 284; Bowling Green Savings Bank v. Todd, 52 N. Y. 489.

Moreover, it appeared that after this demand was made the parties met and there was talk of a settlement, plaintiff executed a general release to the defendants, and they paid her $20, which she still retains. While, if there had been no other question in the case, perhaps there would have been a question for the jury as to whether or not the plaintiff was overreached when she executed this general release, the fact remains that she brought the action for conversion prematurely. The attorneys had a lien on the moneys in their hands as security for the amount plaintiff was owing them, and this action in conversion cannot be maintained until there has been an accounting and the amount due them from the plaintiff, if any, has been definitely ascertained. It was on this sole ground that the nonsuit was ordered, and no cases cited by the learned counsel for the plaintiff can be considered as authorities for the proposition that an action for conversion can be maintained against attorneys for moneys rightfully received by them upon which they have a lien for their services before there has been an accounting.

This motion for a new trial must be denied.