### LEASK et al. v. HOAGLAND et al.

(Supreme Court, Appellate Division, First Department. February 4, 1910.)

1. WILLS (§ 731*)—AMOUNT DUE FROM LEGATEE TO TESTATOR.

In determining the amount due on a residuary legacy, interest is to be charged the legatee on his indebtedness to testator till a year after issuance of letters testamentary, when his legacy became payable.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1795; Dec. Dig. § 731.*]

2. WILLS (§ 749*)—AMOUNT DUE FROM LEGATEE TO TESTATOR—EVIDENCE.

Evidence, in a suit to determine the amount payable to a legatee, a nephew of testator, held insufficient to authorize a judgment of offset of the amount of checks given by testator to legatee, in view of the question of their being advances to a needy relative.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 749.*]

3. COSTS (§ 164*)—EXTRA ALLOWANCE—DIFFICULT AND EXTRAORDINARY CAUSE.

A suit by executors to determine the amount payable to a legatee, involving the amount of indebtedness of the legatee to testator and the time for which interest thereon should be computed, is not a difficult and extraordinary cause, within Code Civ. Proc. § 3253, so as to permit an extra allowance of $1,000.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 623; Dec. Dig. § 164.*]

Appeal from Special Term, New York County.

Action by George Leask and others against Charles F. Hoagland and others. From a judgment (64 Misc. Rep. 156, 118 N. Y. Supp. 1035), defendants Ellen B. Hill and the Third National Bank of Buffalo appeal. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, McLAUGHLIN, and DOWLING, JJ.

William C. Carroll, for appellants.

J. Hampden Dougherty, for respondents.

DOWLING, J. Hudson Hoagland, a resident of the county of New York, died on January 30, 1904, leaving a last will and testament, whereof the plaintiffs are executors, and by which his nephew, Charles F. Hoagland, became entitled to share in his residuary estate. This share has been assigned in part to various persons, and it is to determine the amounts respectively due them, as well as to establish cer-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

tain alleged offsets due the estate, that the executors have brought this action. The will is dated November 16, 1902, a codicil thereto was made on December 9, 1903, and both were admitted to probate in this county on June 30, 1904.

The judgment from which this appeal is taken determined the rights of the several assignees of amounts out of the residuary share of Charles F. Hoagland as between themselves, and also found that the estate of the decedent was entitled to offset (1) the amount of a certain promissory note for $10,000, dated March 1, 1901, made by Charles F. Hoagland to the order of Hudson Hoagland, payable one day after date, with interest thereon from March 2, 1901, to September 8, 1905, amounting in all to $12,710; and (2) the amount of certain checks, aggregating $5,108.45, drawn by Hudson Hoagland and indorsed by the latter, with interest thereon to September 8, 1905, in all, $6,039.70.

To the allowance of the first offset of $10,000, being the amount of Charles F. Hoagland's note in favor of decedent, no objection is urged upon this appeal; nor could any be successfully advanced, as it is fully warranted by the evidence. It is claimed that interest should have been allowed only to the date of decedent's death; but the learned court properly held that it was chargeable from the date of the maturity of the indebtedness until one year after the date of issuance of letters testamentary, when his own legacy as residuary legatee became payable.

To the allowance as an offset of the various checks given by Hudson Hoagland to Charles F. Hoagland, objection is made upon the ground that there is no evidence whatever to show the purpose for which they were given or the nature of the transactions, if any, which called for their issuance. Plaintiffs sought to rebut the ordinary presumption that a check is given in payment for a debt (Stimson v. Vroman, 99 N. Y. 74, 1 N. E. 147) by proving the relative financial condition of the parties; and, without going into that evidence at length, it is sufficient to say that they succeeded in showing the improbability, if not impossibility, of any indebtedness upon the part of Hudson Hoagland to Charles F. Hoagland. While the law does not presume a gift (Grey v. Grey, 47 N. Y. 552), it was sought to eliminate any question of these sums having been advanced by way of assistance to a needy relative, by showing that the sum total of all checks theretofore given by Hudson Hoagland to Charles F. Hoagland had been included in and repaid by the note given by the latter to the former, and thus to warrant the conclusion that, as there had never been any former gifts from the uncle to the nephew, but only loans for which the former held the latter liable, so these checks found among the decedent's effects likewise represented loans, which would have been repaid by a note, had the uncle lived longer.

But, while this is a vital point, the record does not justify the statement that it is established that the note of March 1st embraced the amount of all the checks down to that date. Whether by inadvertence, or because the fact is different from that claimed, the only witness examined upon the subject testified that he thought that the

last check which made up the $10,000 note, was dated April 1, 1901, and was for $6,100. The importance of this date being accurately fixed lies in this: That the inferences which plaintiffs seek to have drawn depend largely, if not entirely, upon the $10,000 note embracing the amount of all checks drawn to the date of the note, March 1, 1901, which, of course, cannot be the fact if it included advances made thereafter. Moreover, if the note is a note of April 1, 1901, as the question regarding it assumes (although it actually bore date of March 1, 1901), then the court has found that on April 1, 1901, there was a loan made to defendant of $1,000, which was not included in the note, which would destroy the inferences sought to be deduced. As a matter of fact, this finding must be incorrect, for the only check in evidence given in that month is dated April 12, 1901.

Upon this record, therefore, so much of the judgment as determined the validity of the sum of $6,039.70 as an offset was not warranted by the evidence, and this necessitates a reversal of the judgment and a new trial.

This cause was not a difficult and extraordinary one, within the meaning of section 3253 of the Code of Civil Procedure, and the extra allowance of $1,000, made herein, should not have been granted.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.