In the Matter of the Application of CHARLES LEOPOLD, Respondent, for an Order Directing JOHN C. WAIT, an Attorney, Appellant, to Pay over Certain Moneys Collected by Him in the Action of BARTHOLOMEW DUNN, as Executor, etc., Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

First Department, March 21, 1919.

Attorney and client — summary proceeding to compel attorney to pay over — prosecution of action for contingent fee by individual attorney after dissolution of his firm — when client entitled to payment under contract of retainer — " arms-length " rule — deduction of disbursements made by partnership.

Where after the assignment of a cause of action, a member of a firm of attorneys, which firm had prosecuted the action and incurred disbursements therein on behalf of the assignor, agreed with the assignee to continue the action personally for a contingent fee of one-third of any recovery and, the partnership having been dissolved and the attorney having been

made receiver thereof, he purchased from himself all the assets of the firm including its lien on said cause of action for services and disbursements, he should be required, after recovering judgment in said action and receiving the proceeds, to pay over the agreed sum to his client, it appearing that the services rendered by the partnership were in fact rendered by him and that no one else had any interest in the controversy and he bought the claim four years after he made the agreement with the assignee to continue the litigation for one-third of the recovery.

*It seems,* however, that under other circumstances the attorney, as a matter of right, would be entitled to have the charging lien of the partnership which was assigned to him determined and if upheld the amount thereof should be deducted from the recovery before he should be ordered to pay over the balance remaining in his hands.

If when the attorney made his contract with the assignee of the cause of action he intended to buy up the claims of his firm and intended that the retainer should cover only future services, he should have made that clear in his agreement with the assignee although the agreement was prepared by another attorney representing the client.

The " arms-length " rule does not apply to agreements between lawyer and client.

*Held,* however, that the attorney as receiver of the dissolved copartnership should be permitted to deduct from the recovery the disbursements made by said firm in said action.

APPEAL by John C. Wait from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of November, 1918, granting a petition by a client in summary proceedings to compel the appellant, his attorney, to pay over to said client certain moneys which he had collected.

*John C. Wait,* appellant, in person.

*Abraham Wielar,* for the respondent.

SHEARN, J.:

Prior to December 29, 1911, the firm of Wait & Foster, of which the appellant attorney was then a member, was prosecuting an action brought by Bartholmew Dunn, as executor of Thomas J. Dunn, deceased, against the city, and had rendered services and incurred disbursements therein. The cause of action was sold to the petitioner Charles Leopold, who, through his attorney, Abraham Wielar, employed John C. Wait individually on December 29, 1911, as his attorney to continue for his benefit the said action, the firm of Wait &

Foster having dissolved, and Wait being the receiver of its assets. The agreement of retainer was prepared by Leopold's attorney, Wielar, and provided that Wait, employed to continue said suit, " shall have and retain for his services thirty-three and one-third (33⅓) per cent of any recovery had in said suit by judgment or settlement, together with costs and disbursements, which sum shall be in full for all services to be rendered by said John C. Wait in said suit and Charles Leopold shall not be liable for or be called upon to pay any sum whatever for attorney or counsel fees in said suit, nor in the event that there is no recovery shall he be liable for or be called upon to pay any fees or charges for attorney or counsel services."

In December, 1915, Wait acquired from himself, as receiver of Wait & Foster, all the assets of the firm, including its lien on the cause of action for services and disbursements in the action prior to 1911. On May 7, 1917, judgment was entered in favor of the plaintiff for the sum of $7,500, which sum was paid to Wait as attorney on June 2, 1917. Prior to the payment, and on May 14, 1917, an order was made requiring Dunn as executor, Leopold the assignee, and the city of New York and the comptroller, to show cause why an order should not be entered determining the lien of Wait " as attorney for the plaintiff " and for the payment of the amount of such lien. The order was made upon a petition which not only recited the retainer agreement between Wait and Leopold and the rendition of services pursuant thereto, but also set forth the assignment to Wait of the aforesaid claim of Wait & Foster for services and disbursements in this action and, in addition, for services rendered and disbursements incurred *in other matters* on the retainer of the estate of Thomas J. Dunn, deceased. The Special Term confined its decision to a construction of the retainer agreement between Wait and Leopold, which it held embraced all services rendered by Wait in the action from its inception. Accordingly, the Special Term denied the motion, saying: " Since Leopold has at no time disputed the right of the petitioner to deduct $2,500, being one-third of the recovery and reasonable disbursements, there is no necessity to declare any lien in the case." The order entered thereon was affirmed by this court. (See *Dunn* v. *City of New York*, 184 App. Div. 894.) While the appeal

was pending, Wait made a part payment to Leopold, and it is claimed that he agreed to pay the balance upon the event of the order being affirmed, but this Wait denies. Thereafter this summary proceeding was brought by Leopold, for an order requiring Wait to pay over the balance of the two-thirds of the recovery, with interest, less Wait's disbursements. Among other objections, Wait insisted that the firm of Wait & Foster had a lien for services rendered prior to the purchase of the cause of action by Leopold and that he, as assignee, being an attorney and having also been a member of the firm of Wait & Foster, was entitled to a lien upon the fund for the services rendered and disbursements incurred by Wait & Foster; and, further, that his lien as assignee of Wait & Foster had not been adjudicated in the prior proceeding. It is quite true that the court did not in the prior proceeding adjudicate the question of Wait's lien as assignee of Wait & Foster. It was not necessary, for the prior motion was to fix the lien of Wait " as attorney for the plaintiff." Further, Wait's lien as assignee included not only the charging lien of Wait & Foster in the action of *Dunn* v. *City of New York*, but, as asserted, was sought to be made to include a general or retaining lien of Wait & Foster for other services rendered the estate of Thomas J. Dunn, deceased, whereas a general lien is unassignable and a charging lien is confined to the services and disbursements in the particular action or proceeding. (*Sullivan* v. *Mayor, etc.*, 68 Hun, 544; *Williams* v. *Ingersoll*, 89 N. Y. 508; *Leask* v. *Hoagland*, 64 Misc. Rep. 156, 162, 163.) If the firm of Wait & Foster had a charging lien for services rendered and disbursements incurred prior to the purchase of the cause of action by Leopold, there can be no question but that it would remain unaffected by the assignment of the cause of action to Leopold, and before a summary order should be made requiring Wait to pay over, the Special Term should determine the amount of the lien, when the fund is in the hands of the assignee, who is an attorney and who was a member of the firm which made the assignment to him. In fixing Wait's lien, however, the learned Special Term confined itself to the agreement between Wait and Leopold, as already construed, and paid no attention to the lien of Wait as assignee of Wait & Foster. This seemed the obvious course to pursue in view of the averments in the

petition upon the original proceeding, the previous opinion of the Special Term and the affirmance of the order by this court without opinion. We are of the opinion, however, that, as a matter of strict right, Wait was entitled to have the charging lien of Wait & Foster, which was assigned to him, determined, and if upheld, that the amount thereof should be deducted before he is ordered to pay over the balance remaining in his hands. But (1) as it does not appear that the services of Wait & Foster were rendered by any one other than Wait; (2) as no one except Wait is interested; (3) as Wait bought the claim four years after he had made an agreement with Leopold to continue the litigation for one-third of the recovery, which agreement, as already construed, fairly implied that such compensation would cover all services in the action to which Wait would be entitled to charge, we are of the opinion that it would be subversive of fair dealing between attorney and client to permit this assigned lien for services to be enforced, for when Wait bought the claim from himself as receiver he had already bound himself under his contract with Leopold to accept one-third of the recovery in full. It may be true that when Wait made his contract with Leopold he intended to buy up this claim, and intended that the one-third should only cover future services, but if he had any such secret intention, he should have made it clear in the agreement, even though the agreement was prepared by another attorney who represented the client. The " arms-length " rule does not apply to agreements between lawyer and client.

In the course of these proceedings Wait has been criticized for failing to disclose to Leopold that he did not intend that the agreement of retainer should include all services rendered and to be rendered in the action. Wait contends that this is unmerited because he at no time came into personal contact with Leopold but dealt with Leopold's attorney, who prepared the retainer contract, and he further contends that the attorney knew that Wait & Foster had preferred a claim against the estate of Thomas J. Dunn for services rendered and disbursements incurred in the action of *Dunn* v. *City of New York* prior to Leopold's acquiring the cause of action. We think that these circumstances relieve Wait from a charge of deceiving his client.

So far as concerns the disbursements of Wait & Foster, and of Wait as receiver, amounting to sixty-two dollars and sixty-four cents, Wait should be permitted to reimburse himself out of the fund in his hands.

The order should be modified by deducting from the sum required to be paid over sixty-two dollars and sixty-four cents and interest thereon and, as modified, affirmed, without costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Order modified as stated in opinion and as so modified affirmed, without costs. Order to be settled on notice.