In the Matter of the Application of H. C. ROBERTS ELECTRIC SUPPLY CO., INC., Petitioner, to Substitute MACKENZIE, SMITH, LEWIS & MICHELL as Attorneys of Record for the Plaintiff in the Place of WALDO WESTON, Respondent, Its Attorney of Record in the Action Entitled New York Supreme Court, Hamilton County — H. C. ROBERTS ELECTRIC SUPPLY CO., INC., Plaintiff, *v.* BEECHER WILSON and Others, Defendants.

Supreme Court, Onondaga County, December 19, 1927.

**Attorney and client — attorney's lien — application to determine amount of attorney's charging lien and retaining lien — court is not limited to determining lien for services rendered after commencement of action — value of attorney's services as determined by lien will be conclusive upon parties in any subsequent proceeding — upon refusal of attorney to accept payment court has power under Judiciary Law, § 475, to direct deposit in court, thereby working discharge of lien — filing stenographer's minutes dispensed with — resettlement of order directed under Rules of Civil Practice, rule 70.**

On this application to determine the amount of the attorney's charging lien and his retaining lien upon certain documents and papers delivered to him by his client in an action to foreclose a mechanic's lien, the court is not limited to determining his lien for the services rendered on and after the commencement

of the action, but it is its duty to determine the value of his services before, at the time of, and after the commencement of the action, and to award a lien to him upon the papers in his possession and upon the proceeds derivable from settlement of the action.

The value of his services as determined by the lien will be conclusive upon the parties in any subsequent proceeding or action.

Although the attorney establishes a lien, no judgment in his favor can be entered, since the proceeding is a special proceeding determinable upon the entry of a final order.

The court has power to direct that the amount of the attorney's lien be deposited in court upon the attorney's refusal to accept payment thereof upon tender, for the provisions of section 475 of the Judiciary Law, providing that the court may determine and enforce the lien, enable the court to direct the amount of the lien to be paid into court. To work a discharge of the lien, the money should be paid into court.

It is unnecessary to file the stenographer's minutes with the papers in this proceeding, and the filing thereof shall be dispensed with for the benefit of both parties in the event of an appeal.

The petitioner is entitled, under rule 70 of the Rules of Civil Practice, to a resettlement of the order herein so that it may conform to the matters determined upon this application.

Motion to resettle order fixing attorney's lien.

*Mackenzie, Smith, Lewis & Michell* [*Charles E. Spencer* of counsel], for the motion.

*Edward Cregg,* opposed.

William F. Dowling, J.   The above proceeding was instituted for the purpose of substitution of attorneys in place of the respondent, and to determine the amount of the respondent's charging lien upon the above cause of action, and of his retaining lien upon certain documents and papers delivered to him by the petitioner in connection with said action.   The matter came on for hearing and proof of parties was taken, establishing the extent of both the retaining and charging lien.   In the affidavit of the respondent, verified September 30, 1927, respondent clearly indicated that it was his intention to have his lien include all of the services which he had rendered prior to, at the time of and after the commencement of the above mechanic's lien action.   His said affidavit contains the following provisions: " That deponent has, and claims, a general lien for his entire account on all papers, securities or money belonging to this plaintiff, his client, which came into his possession, and a charging lien for services rendered in this action upon his client's cause of action, and the proceeds derived, or to be derived therefrom, and paid to the plaintiff herein by, or on behalf of, the defendants."

Upon the hearing the respondent offered proof of all services which he claimed to have rendered and of the claimed value thereof

and asked the court to determine the value of both his retaining and charging lien, which the court did, fixing the value thereof at $1,124.84, and upon the rendition of the decision herein, and on November 22, 1927, an order was entered in the Onondaga county clerk's office purporting to comply with the terms of said decision.

The petitioner moved, at a Special Term of this court, held at Utica, December 3, 1927:

" * * * for an order amending the aforesaid order made and entered herein in the office of the clerk of the county of Onondaga on the 22d day of November, 1927, *nunc pro tunc* as of the date of the signing of the said order on Nov. 22, 1927, so as to include at the end of the third paragraph from the end of said order and before the words ' and it is further ' at the end of said paragraph, a provision as follows:

" And that said sum of eleven hundred twenty-four dollars and eighty-four cents ($1124.84) is hereby fixed and determined as the amount payable to said Waldo Weston as full compensation and payment for his services and disbursements hereinbefore mentioned, and that the H. C. Roberts Electric Supply Co., Inc. is hereby directed to pay said sum with interest from November 8, 1927, the date of the making of the Memorandum of Decision by the Court herein, or in the event of the refusal of said Waldo Weston to accept or receive such payment upon the offer of payment thereof, said H. C. Roberts Electric Supply Co., Inc. have leave and is hereby permitted to bring into court, by paying the same to the County Treasurer of Onondaga County, the said sum of eleven hundred twenty-four dollars and eighty-four cents ($1124.84) so offered to said Waldo Weston with interest thereon from November 8, 1927, and that upon such payment, or offer of payment and payment into court, the said H. C. Roberts Electric Supply Co., Inc. be and hereby is free and discharged of and from any and all liability to said Waldo Weston for or on account of the services and disbursements hereinbefore mentioned; and that the payment of the aforesaid amount with interest to said Waldo Weston or the payment thereof into court in the event he shall refuse to accept ' or receive the same, be made within twenty (20) days from the decision of the motion for the amendment or resettlement of the order herein and the entry of an order thereon and service of a copy thereof.'

" And to include a further provision at the end of said order and preceding the signature of said Justice as follows:

" And that a certified copy of this order and of any amendment or amendments thereof, and of the affidavits showing service of a copy of the order and payment, or offer of payment, and payment

into court, may be filed in the office of the clerk of Hamilton county with the same force and effect as though the originals were entered and filed therein.

" Or for an order amending and resettling said order entered herein in Onondaga county clerk's office November 22, 1927, or resettling the same, and for such other amendment or amendments or order or relief as shall be just and proper."

The respondent contends that the court has no power in this proceeding to go further than to determine the amount of the attorney's lien in the action wherein substitution is sought, and that the court has no power to direct how said lien shall be discharged. Respondent also contends that he has an independent cause of action against the petitioner for all services not included in the above action proper, and he objects to any provision in the order to the effect that on payment of the lien the petitioner be discharged from all further liability to the respondent.

At common law, the liens available to an attorney were of two kinds: (a) A retaining lien on all papers, securities or moneys belonging to his client which came into his possession in the course of his professional employment. This was a general lien for the entire balance of account. (b) A charging lien which bound a judgment recovered through the attorney's efforts. The charging lien differs from the retaining lien in that it is not a lien for a general balance of account, but is a lien for the value of the services rendered in the very action in question.

If the attorney got possession of the fund, he had a general lien; if he did not get possession, his lien was for the services that brought the fund into existence. The charging lien exists under our statutes. It has been enlarged to the extent that it now attaches to a cause of action even before judgment, and it attaches to the proceeds of the action. (*Matter of Heinsheimer*, 214 N. Y. 361, 364, 365.)

The retaining lien is a general lien for the entire balance of account. Before the Code of Civil Procedure was enacted, nothing was better settled than that the attorney had a lien upon the judgment recovered by him for his services. The legal measure of these services, however, was the taxable costs recovered in the action. To that extent the attorney was regarded as the equitable assignee of the judgment. When the Code was enacted, this restriction was removed. The client recovers costs as before, but the amount of compensation which the attorney shall receive is no longer limited. (*Rooney* v. *Second Ave. R. R. Co.*, 18 N. Y. 368; *Matter of Regan*, 167 id. 338, 343.)

The attorney's lien extends to a general balance of account for

professional services, and such services are not confined merely to a litigation which terminates in a technical judgment. (*Rooney* v. *Second Ave. R. R. Co.*, 18 N. Y. 368; *Matter of H——, an Attorney,* 87 id. 521, 525.)

An attorney's lien is to be admeasured by the value of his services. (*Ward* v. *Craig*, 87 N. Y. 550, 561.)

Section 475 of the Judiciary Law provides that " the court upon the petition of the client or attorney may determine and enforce the lien." Rule 56 of the Rules of Civil Practice provides that an attorney may be changed by order of the court or a judge thereof, on the consent of the party and the attorney or on application of the party or attorney, on notice, and such terms as shall be just.

Under rule 56 the court has the power to order a substitution of attorneys on such terms as shall be just. Under section 475 of the Judiciary Law the court has the power to determine and enforce the lien. In *Matter of King* (168 N. Y. 53) the court said (at pp. 58, 59): " The proceedings provided for by the Code are instituted by a petition and are in the nature of the foreclosure of a lien. The appointment of a referee may have been in the discretion of the court. The Special Term undoubtedly could have retained the proceedings, tried out the question as to the value of the petitioners' services and determined the rights of the parties without a referee, but the petitioners were entitled to have their rights determined by the court either with or without the aid of a referee. The court could not properly, in the exercise of its discretion, deprive the petitioners of this remedy. The remedy given is equitable in character, and we think the equity side of the court has jurisdiction. It is, in some respects, analogous to the foreclosure of mechanics' liens, in which it has been held to be an action in equity triable by the court without a jury. (*Kenney* v. *Apgar*, 93 N. Y. 539, 550; *Goodrich* v. *McDonald*, 112 N. Y. 157.)"

Under the above authorities it is manifest that there is no basis for the contention that the court is limited to determining the lien of the respondent herein for the services rendered on and after the institution of the above-mentioned action. The court had the power and it was its duty to determine the value of the services of the respondent both before, at the time of and after the commencement of the action, and to award a lien to, him upon the papers and documents in his possession, and upon the proceeds derivable from settlement of the above action.

The value of respondent's services, as determined by the lien, will be conclusive upon the parties herein in any subsequent proceeding or action. (*Matter of Winkler*, 154 App. Div. 532, 535.)

Although the respondent establishes a lien, no judgment can

be entered in his favor because the proceeding is a special proceeding, determinable upon the entry of a final order. An attorney's lien is a peculiar lien to be enforced by peculiar methods. It is not like any other lien known to the law. (*Matter of King*, 168 N. Y. 53, 59; *Sullivan* v. *McCann*, 124 App. Div. 126, 130.) On an appeal from a final order in such proceeding, it is not necessary to make a case and exceptions. (*Sullivan* v. *McCann*, *supra*, 130.)

If the petitioner refused to discharge the lien by payment, the respondent could enforce it by execution, as provided in Civil Practice Act, section 1520. (*Sullivan* v. *McCann*, *supra*, 131.)

After the entry of the order herein, respondent refused to accept payment of his lien upon tender thereof, and he now contends that the court has no power to direct that the amount of his lien upon refusal be deposited in court, thereby working a discharge of the lien. There is no basis for this contention. Section 475 of the Judiciary Law provides that the court may determine and enforce the lien. This enables the court to direct the amount of the lien to be paid into court where, as here, the attorney refuses to accept payment thereof. To work a discharge of the respondent's lien, the money should be paid into court. (*Rush* v. *Wagner*, 184 App. Div. 502, 504; *Werner* v. *Tuch*, 127 N. Y. 217, 223; *Cunningham* v. *City of New York*, 162 App. Div. 851, 854.) The provision of section 475 of the Judiciary Law relative to enforcing the attorney's lien inures to the benefit of both attorney and client.

I think it is unnecessary to file the stenographer's minutes with the papers in this proceeding, and filing thereof should be dispensed with for the benefit of both parties in the event of an appeal, as one copy of the minutes could be used by them, thereby saving a considerable sum of money. I think, also, that it is proper to direct filing of certified copies, as requested, in the Hamilton county clerk's office, so as to give full effect to the order herein.

The court has power to correct or clarify an order by resettlement, so that it shall provide for such matters as were before the court, but it has no power to change or amplify the direction of the court. (*Ruland* v. *Tuthill*, 187 App. Div. 314, 315.) Rule 70 of the Rules of Civil Practice provides as follows:

"Form and resettlement of order. A memorandum of the determination of a motion, together with a recital of the papers used thereon, indorsed on or appended to the motion papers and signed by the court or judge, shall constitute the order; but nothing herein contained shall prevent the court from making an order, either originally or on an application for a resettlement, in more extended form. Any order may be signed with the judge's usual signature or initials."

I think the petitioner is entitled to a resettlement of the order entered herein, in order that it may conform to the matters necessarily before the court herein, by inserting at the end of the 3d paragraph of said order the following provision: "And the said sum of $1,124.84 is hereby fixed and determined as the amount payable to said Waldo Weston in full of his said lien, and the H. C. Roberts Electric Supply Co., Inc., is hereby directed to pay said sum with interest from November 8, 1927, the date of the making of the memorandum of the decision of the court herein, to the said Waldo Weston within ten days after entry of the order of resettlement herein, and service of a copy thereof upon the said Waldo Weston either in person or by leaving the same at his office, and in the event of the refusal of said Waldo Weston to accept or receive such payment upon the offer of payment thereof, said H. C. Roberts Electric Supply Co., Inc., have leave and is hereby permitted to bring the said money so tendered five days after the refusal of the said Waldo Weston to accept the same, or five days after the expiration of said ten-day period into court by paying the same to the county treasurer of Onondaga county, and that upon such payment or offer of payment, and payment into court, the said H. C. Roberts Electric Supply Co., Inc., be and hereby is freed and discharged of and from any and all liability to said Waldo Weston for or on account of his said lien."

And to include a further provision at the end of said order as follows: "And that a certified copy of this order and of any amendment or amendments thereof, and of the affidavits showing service of a copy of the order and payment or offer of payment, and payment into court, and the receipt of the county treasurer of Onondaga county, for same, under the seal of his office, may be filed in the office of the clerk of Hamilton county with the same force and effect as though the originals were entered and filed therein."

Order may be entered accordingly, without costs.