In re PYROCOLOR CORPORATION.

District Court, S. D. New York.

Aug. 4, 1930.

Edward S. Napolis, of New York City, pro se.

Herbert J. Pero, Edgar B. Fauber, and John F. Blake, in pro. per.

HENRY K. DAVIS, Referee.

Edward S. Napolis, an attorney of this court, asks for an order directing Irving Trust Company, the trustee herein, to pay over to him 25 per cent. of the dividend awards to Herbert J. Pero, Edgar B. Fauber, and John F. Blake, final dividend creditors in the above matter; such awards being in the sums of $548.90, $1,163.31, and $866.-19, respectively.

The said dividend checks had been drawn at the time of the making of this motion, but their payment has been stayed by order of the referee pending the determination of this motion.

The facts upon which the motion is based are, in substance, as follows:

In or about the year 1927 petitioner was consulted by respondents about claims they had against Pyrocolor Corporation, the present bankrupt.

Such steps were taken by attorney that in October, 1927, these respondents filed a petition in bankruptcy against this bankrupt. The issues raised by the answer of this bankrupt denying bankruptcy were referred to Referee Robert P. Stephenson, as special master, who found that there was no bankruptcy and recommended that the petition be dismissed. The report of Referee Stephenson was confirmed in the District Court.

On the same day that the said involuntary petition was verified, October 7, 1927, petitioner took from the respondents a retainer in the words and form, following:

"United States District Court.

"Southern District of New York.

"In the matter of Pyrocolor Corporation, alleged bankrupt.

"We, the undersigned creditors of the above named alleged bankrupt, do hereby retain and employ Edward S. Napolis, Esq., of 500 Fifth Avenue, in the Borough of Manhattan, City of New York, as and for our attorney, and hereby agree to pay him for his services rendered and to be rendered in said matter a sum equal to twenty five (25%) per centum of any and all sums which shall be paid us on our claims; as and when received by us.

"Dated, New York, October 7th, 1927.
"Herbert J. Pero    $1623.60
"Edgar B. Fauber    $3340.
"John F. Blake      $2565."

About eighteen months thereafter, viz., April 3, 1929, bankrupt filed its voluntary petition and was duly adjudicated.

In this bankruptcy proceeding respondents were listed as creditors and duly filed their claims, not, however, through petitioner, who had no part in the filing of their claims, nor did he appear for them in said proceeding.

On these claims following the final meeting of creditors dividends have been allowed in the sums above stated, and it is on these sums that the petitioner claims a 25 per cent. allowance under the retainer quoted.

It is, of course, apparent that this bankruptcy proceeding is an entirely distinct and different proceeding from the proceeding brought about two years before in which petitioner represented the petitioners and which was dismissed for failure of proof. Petitioner is a stranger, a third party to this proceeding, both as a creditor and as attorney.

It is clear that a pending bankruptcy proceeding cannot be used to litigate differences between a creditor in such proceeding and a third party not interested in the proceeding to whom the creditor may owe money. In re Hollander (D. C.) 181 F. 1019.

A very late case, Nixon v. Michaels (8th Circuit) 38 F.(2d) 420, 423, holds that there is no jurisdiction to allow a third party, a stranger to the bankruptcy proceeding, to come in and litigate his claims against a creditor of the estate under administration.

If the petitioner were not an attorney at law seeking compensation for professional services, the law above stated would end this proceeding against the respondents and he would have to go to another forum to assert his claim.

Does the asserting by petitioner of an attorney's lien entitle him to the order sought? That depends upon whether an attorney's lien on the facts involved can be established in this proceeding.

The statutory provisions for an attorney's lien in New York are as follows:

"Attorney's lien in action or special proceeding. From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come; and the

lien cannot be affected by any settlement between the parties before or after judgment or final order. The court upon the petition of the client or attorney may determine and enforce the lien." Section 475, Judiciary Law (Consol. Laws, c. 30).

■ This statute is not one merely regulating practise, but affects a substantial right, and if claimant comes within its provision the statute will be enforced in the federal courts. In re Baxter & Co. (2d Circuit) 154 F. 22, 25.

I think it is clear that the facts here involved do not come within the wording of the statute quoted.

If petitioner's retainer was made to cover the present bankruptcy proceeding and he represented respondents therein, then there would be no hesitation in holding that the retainer entitled petitioner to 25 per cent. of respondents awards.

The "final order" here considered, however, quoting the words of the statute, has no relation or connection with a "final order" which might have been made in the bankruptcy proceeding under which the retainer was given. That proceeding never went to fruition; it was dismissed on the threshold.

■ Could it be said that an attorney who held a percentage of recovery retainer from a plaintiff in a negligence case, where the complaint was dismissed for failure of proof and where the plaintiff brought a new action with a new attorney and recovered judgment, could assert his lien on the judgment recovered in the second action? Under the wording of the statute he could not, and the same conclusion must follow on the facts here considered.

The petitioner in his memorandum asserts that "where money is paid into a court for distribution, attorneys are entitled to receive therefrom money due them for services rendered in other suits growing out of the same matter."

The difficulty with this proposition as applied to the case at bar is that the money now under distribution does not grow out of "the same matter" in which petitioner was retained. That matter, as above stated, ended with the affirmance of the special master's report denying bankruptcy in the proceeding the petitioner brought.

This later proceeding, the case at bar, in which the fund arises and which fund the petitioner had no part in creating, cannot be tied into the earlier proceeding which never produced financial results for his clients in that proceeding and whom in this proceeding, as above stated, he did not represent.

■ The law is clear that the lien must be limited to the proceeding, or at least connected with the proceeding in which the fund arises.

■ "An attorney's lien is of two kinds, general and particular. The general lien attaches to every species of property belonging to the client and which has come to the attorney's possession in the course of his employment. It is founded upon possession, and is generally unassignable. Sullivan v. City of New York, 68 Hun, 544, 22 N. Y. S. 1041. The particular lien attaches to a fund or other property, made through the attorney's efforts (Attorney General v. North Am. L. Ins. Co., 93 N. Y. 387; Internal Imp. Fund Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Weeks, Attorneys, § 369), in the action or proceeding in which the recovery was had. Code Civ. Proc. § 66. Such a lien is, however, confined to the services and disbursements in that action or proceeding (Williams v. Ingersoll, 89 N. Y. 509), and must be measured by the value of the particular services and the reasonableness of the particular disbursements (Ward v. Craig, 87 N. Y. 550, 561; Rooney v. Second Ave. R. R. Co., 18 N. Y. 368). A lien for services and disbursements in a particular action or proceeding cannot be asserted against the recovery in another action or proceeding. Brown v. City of New York 11 Hun, 21." Bischoff J., Leask v. Hoagland, 64 Misc. Rep. 156, 162, 118 N. Y. S. 1035, 1040, affirmed 136 App. Div. 658, 121 N. Y. S. 197.

From the facts here involved I am satisfied that the petitioner has no claim against these petitioners which can be asserted in this proceeding.

For these reasons the motion must be denied and stay of distribution vacated. Order signed.

WOOLSEY, District Judge.

Order of referee affirmed, and petition to review denied on opinion of the learned referee.

The petitioner did not have any attorney's lien on recoveries resulting from this proceeding. Cf. Leask v. Hoagland, 64 Misc. Rep. 154, 162, 118 N. Y. S. 1035, affirmed 136 App. Div. 658, 121 N. Y. S. 197. Such a lien only would give him any locus standi, in this proceeding in bankruptcy which cannot be used as a forum in which to litigate claims by third parties, strangers to the bank-

ruptcy proceeding against creditors of the bankrupt. Cf. In re Hollander (D. C.) 181 F. 1019; Nixon v. Michaels, 38 F.(2d) 420 (C. C. A. 8.)