WILLIAM B. ROULSTONE, Plaintiff, *v.* JACQUES OESTERREICHER, Defendant.

Supreme Court, Special Term, New York County, September 9, 1946.

*Borris M. Komar* and *William B. Roulstone,* in person, for plaintiff.

*Zimmerman & Popper* for defendant.

PECORA, J. Plaintiff, an attorney, suing for fees and disbursements, makes this application for summary judgment. The relationship of attorney and client is admitted. Heretofore plaintiff in a special proceeding to have his lien fixed under section 475 of the Judiciary Law obtained an order in his favor fixing the amount of his lien in the precise amount sued for herein. In view of that determination, there remains no triable issue in this case. An attorney's lien is measured by the value of his services. (*Ward* v. *Craig,* 87 N. Y. 550.) It was held in *Matter of Winkler* (154 App. Div. 532) and *Matter of Roberts Electric Supply Co., Inc.* (131 Misc. 119) that once the value of attorney's services is determined in a proceeding to fix his lien, it will be conclusive upon the parties in any other subsequent proceeding or action. (See, also, *Levitan* v. *Sandbank,* 291 N. Y. 352.) It is no answer that the effect of such ruling would be to deprive defendant of a jury trial upon that question. Such a situation is present whenever a determination in an equity action precludes parties from litigating the same issues in a subsequent law action. (*Young* v. *Farwell,* 165 N. Y. 341.) The order fixing the lien, although appealed from, must be given full effect upon this motion. There being no issue to be tried as to the value of the services, the motion for summary judgment is in all respects granted. Settle order.