## HOFFPUIR v. HOXSEY.

### No. 3269.

United States District Court
N. D. Texas, Dallas Division.

Feb. 8, 1949.

Norman R. Crozier, Jr., of Dallas, for plaintiff.

James H. Martin, of Dallas, for defendant.

ATWELL, Chief Judge.

The case involves more than $3,000 and is by a citizen of the state of New York against a citizen of the state of Texas.

The plaintiff contends that he was employed by the defendant to bring a damage suit for the sum of $1,000,000 in the United States District Court for the Southern District of New York against a newspaper for an alleged libel and slander. That plaintiff was furnished certain papers from time to time by the defendant for use in that suit and bearing upon the same. That certain services were performed by the plaintiff and the agreement for compensation was made at conferences in New York and by remittances from Dallas, Texas. That later the plaintiff in that suit concluded to dismiss it. That his attorney, thereupon, sent him a bill for the alleged balance of the attorney's fees; that bill was not paid, and in October, 1948, a registered notice was sent to this defendant that a motion had been made in that case, invoking a New York statute, Judiciary Law, Consol.Laws, c. 30, § 475, which gave the attorney a lien upon such property and papers as he had in his possession, with the right to have the court there to fix the amount of the fee. This notice was sent by registered mail and was received by this defendant.

At the hearing in New York on that motion, a judgment for $5,364.99 was rendered for the attorney against his client, the defendant here, with a lien upon such property as the attorney had in his possession. See Federal Rules of Civil Procedure, rule 5(b), 28 U.S.C.A.

The defendant poses that an attorney's retaining lien cannot be actively enforced, Rose v. Whiteman, 52 Misc. 210, 101 N.Y.S. 1024; Lazenby v. Codman, 2 Cir., 116 F.2d 607; and a charging lien, if nothing is recovered, or, if there is no cause of action, there is nothing to which the lien can attach. Kipp v. Rapp, 7 N.Y. Civ.Proc. 385. He also calls attention to

the ancient case of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. Neither of these cases rules the case at bar. The expression in Pennoyer v. Neff to the effect that the judgment in rem binds every one, but the establishing facts on which it proceeds, is not equivalent to a judgment in rem.

■ It should be noted, also, that where jurisdiction is acquired by a proceeding against property within the jurisdiction of the court, the defendant is not bound personally beyond the property in question. Boswell's Lessee v. Otis, 9 How. 336, 50 U.S. 336, 13 L.Ed. 164.

The difference between the parties in the case at bar does not arise over the question of employment, that is conceded, nor the institution of the suit in New York, nor that the defendant asked for a dismissal of the suit after having paid a part of the fee to his attorney, but over the amount that he owed such attorney; the attorney claiming a much larger amount.

The effort to secure further payments on that fee after the defendant had asked for a dismissal of his suit, resulted in an order, heretofore referred to, issued out of the New York court which was served upon the defendant and to which he made no response, nor objection, nor defense. The New York court thereupon heard testimony in accordance with the notice and motion and determined the amount due and fixed the lien.

■ Such a procedure is in accordance with the laws of New York and what was done binds this court. In re Paschal, 10 Wall 483, 495, 19 L.Ed. 992; Central Railroad & Banking Co. v. Pettus, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915; Lazenby v. Codman, 2 Cir., 116 F.2d 607; In re Baxter & Co., 2 Cir., 154 F. 22; American Exp. Co. v. Mullins, 212 U.S. 311, 29 S.Ct. 381, 53 L.Ed. 525, 15 Ann.Cas. 536; Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069; Pagano v. Arnstein, 292 N.Y. 326, 55 N.E.2d 181; Commercial Casualty Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252; Robinson v. Rogers, 237 N.Y. 467, 143 N.E. 647, 33 A.L.R. 1291; Leviten v. Sandbank, 291 N.Y. 352, 52 N.E.2d 898; Gates v. Preston, 41 N.Y. 113; Goebel v. Iffla,

111 N.Y. 170, 18 N.E. 649; Roulstone v. Oesterreicher, 188 Misc. 741, 66 N.Y.S.2d 244.

Judgment must go for the plaintiff in the sum of $5,364.99.