## HOXSEY v. HOFFPAUIR.

### No. 12733.

United States Court of Appeals
Fifth Circuit.

Feb. 16, 1950.

Writ of Certiorari Denied May 8, 1950.

See 70 S.Ct. 841.

James H. Martin, Dallas, Tex., for appellant.

Curley C. Hoffpauir, New York City, for appellee.

Before HUTCHESON, Chief Judge, RUSSELL, Circuit Judge, and DOOLEY, District Judge.

RUSSELL, Circuit Judge.

The determination of the merits of this appeal requires consideration of the attorney's lien law of the State of New York and the extent of permissible enforcement of the lien by suit in another State.

Appellant, a resident of Dallas, Texas, employed appellee, an attorney at law of New York City, to represent him as counsel in the prosecution of a libel suit claiming one million dollars damages against the publisher of the newspaper PM, a legal resident of New York. Suit was filed in the United States District Court for the Southern District of New York, and other professional services performed in preparing for trial and, as is claimed, in matters not connected with that case. Appellant made some payments of attorney's fees, and thereafter decided to dismiss the libel suit. A difference arose between the attorney and client as to the amount of fees and thereupon the attorney, with notice to appellant, moved the Court to fix his attorney's retaining lien as well as his attorney's charging lien, pursuant to section 475 of the New York Judiciary Law, Consol.Laws, c. 30. Upon the subsequent hearing of the motion, the Court adjudged the attorney to be entitled to a charging lien in the sum of $2,124.99 and that an attorney's retaining lien "on the property, papers, documents, and case histories, including those involved in the above entitled action, belonging to Harry M. Hoxsey, be and the same hereby is determined and fixed in the sum of Five Thousand three hundred and sixty-four and 99/100 ($5,-364.99) Dollars," upon the payment of which the attorney was directed to dis-

charge and release the liens and deliver to appellant all of his property, papers, documents, and case histories then in the attorney's possession. The attorney was further authorized to stipulate for a voluntary dismissal of the action without prejudice to his rights to recover "for professional services rendered to him in the amounts hereinabove determined and fixed." A copy of this order was forwarded to appellant with a demand for payment, and thereafter the action for libel was dismissed. Failing to secure payment of the fees as claimed, the appellee instituted suit against appellant in the United States District Court at Dallas by a complaint containing two counts, count one upon *quantum meruit*, and count two seeking recovery under the order of the New York Court and as an account stated. Upon the trial the Judge felt himself concluded by the order of the New York Court and awarded judgment to the complainant appellee in the sum sued for. Appellant here insists that this result is erroneous because it subjects him, in effect, to a personal judgment in the New York proceeding; that the fixing of the liens was under New York law ineffective to establish any liability except to provide that the lien established could be enforced against any recovery in the proceeding, and to permit the attorney to hold the client's papers in his possession until the amounts were paid. He does not want the papers and claims that they are of no practical value.

We have no doubt that under the well established rule that one who subjects himself to the jurisdiction of a Court, even where he would not otherwise be subject to suit, becomes subject to any valid claim asserted against him directly relating to the subject matter of his voluntarily initiated proceeding. We do not doubt therefore that by his employment of counsel and the institution of suit in the Court in New York the appellant became subject to the statutes of New York regulating and controlling the attorney-client relationship with reference to the fixing and enforcing of the respective rights between the parties.

It is the general rule that while the Federal law provides no such remedy, Federal Courts sitting in a State enforce that State's statutes creating attorney's liens. Webster v. Sweat, 5 Cir., 65 F.2d 109; Brooks v. Mandel-Witte Co., 2 Cir., 54 F.2d 992, 994, and citations. It appears that in New York the attorney's possessory or retaining lien is predicated upon the common law, and the charging lien, being upon a specific fund or judgment, or cause of action, is provided by Section 475 of the Judiciary Law.[1] We think the nature and effect of the two liens is well stated in Re Pyrocolor Corporation, D.C., 46 F.2d 554, 556.[2] In New York, as is

1. "From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing counter claim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien."

2. " 'An attorney's lien is of two kinds, general and particular. The general lien attaches to every species of property belonging to the client and which has come to the attorney's possession in the course of his employment. It is founded upon possession, and is generally unassignable. Sullivan v. City of New York, 68 Hun., 544, 22 N.Y.S. 1041. The particular lien attaches to a fund or other property, made through the attorney's efforts (Attorney General v. North American Life Ins. Co., 93 N.Y. 387; International Imp. Fund Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157; Weeks, Attorneys, § 369), in the action or proceeding in which the recovery was had. Code Civ. Proc. § 66. Such a lien is, however, confined to the services and disbursements in that action or proceeding (Williams v. Ingersoll, 89 N.Y. [508], 509), and must be measured by the vlaue of the particular services and the reasonableness of the

generally true elsewhere, the attorney's retaining lien is passive and may not be actively enforced. It is only a right of an attorney to retain the papers, property and effects of his client in possession until his fee is paid. Rose v. Whiteman, 52 Misc. 210, 101 N.Y.S. 1024; Everett, Clarke & Benedict v. Alpha Portland Cement Co., 2 Cir., 225 F. 931; Webster v. Sweat, 5 Cir., 65 F.2d 109, supra. The retaining lien is not restricted to services rendered in a particular suit but may include other items of indebtedness arising for professional services. The charging lien arising by the authority of Section 475, supra, pertains to the fee earned by the attorney in the particular case, and proceedings to enforce such a lien are considered as proceedings *in rem* and may be enforced only against the proceeds of a judgment secured in the particular case. In, re McCrory Stores Corporation, D.C.S.D.N.Y., 19 F.Supp. 691; In re Levine's Estate, 278 N.Y.S. 36; 7 C. J.S., Attorney and Client, § 233, p. 1199; Ibid, § 238b., p. 1205. It is further held that where there is no recovery in the litigation, the lien does not attach. Dempsey v. Pink, 2 Cir., 101 F.72, certiorari denied 307 U.S. 639, 59 S.Ct. 1037, 83 L.Ed. 1520. The case of Matter of H. C. Roberts Electric Supply Co., Inc., 131 Misc. 119, 226 N.Y.S. 211, 217, relied upon by the appellee, itself recognizes that the lien is awarded the attorney "upon the papers and documents in his possession, and upon the proceeds derivable from settlement of the above action." It results therefore that the legal effect of the order of the United States District Court for the Southern District of New York was the imposition of a lien upon papers and effects which the attorney had in his possession, and only upon any recovery which might be obtained in the litigation, which afforded the jurisdiction to declare the lien. In other words, it was an award *in rem*, enforceable only as against the papers or property in possession of the attorney and any recovery or

receipts resulting from the litigation. In the light of the applicable legal principles, we do not construe the order as even attempting to bind the appellant *in personam,* so as to establish a fixed liability, the correctness of which he is, not permitted to challenge when proceeded against in Texas by a suit seeking a personal judgment. We consider the result reached in the present suit to be the equivalent of the enforcemen *in personam* of a decree *in rem,* rendered in a suit where there has been no personal service upon the defendant, and only the attachment or sequestration of his property. This can not be done. Pennoyer v. Neft, 95 U.S. 714, 715, 24 L.Ed. 565; McQuillen v. Dillon, 2 Cir., 98 F.2d 726; Cooper v. Reynolds, 10 Wall. 308, 77 U.S. 308, 19 L.Ed. 931; Grable v. Killits, 6 Cir., 282 F. 185.

In the Texas suit the burden was upon the complainant to establish his right to recover independently of the New York proceeding. For this reason, it was error for the trial Court to give conclusive effect to the order of the New York Court instead of requiring the complainant to establish his case by competent evidence. The judgment is reversed and a new trial ordered on count one of the complaint.

Reversed.

---

particular disbursements (Ward v. Craig, 87 N.Y. 550, 561; Rooney v. Second Ave. R. Co., 18 N.Y. 368). A lien for services and disbursements in a particular action or proceeding cannot be asserted against the recovery in another action or proceed-

ing. Brown v. [Mayor, etc., of] City of New York, 11 Hun. 21.' Bischoff J., Leask v. Hoagland, 64 Misc. 156, 162, 118 N.Y.S. 1035, 1040, affirmed 136 App. Div. 658, 121 N.Y.S. 197."