■ POMONA ENTERPRISES, LTD., et al., Respondents, v. CHESTER MELLEN et al., Appellants.— Defendants appeal from an order of the Supreme Court, Rockland County, dated February 14, 1968, which granted defendants' motion to dismiss the complaint, with leave to plaintiffs to serve an amended complaint. Pursuant to CPLR 5517 (subd. [b]) we have reviewed a subsequent order of said court, dated April 18, 1968, which, upon reargument, vacated said order of February 14, 1968 and denied defendants' said motion, without prejudice and with leave to renew. Order of April 18, 1968 modified, on the law, by deleting the third decretal paragraph thereof, which vacated the order of February 14, 1968 and the decision upon which the order of February 14, 1968 was made, and by substituting therefor an ordering paragraph directing that a hearing be held in accordance with the views herein set forth. As so modified, order affirmed, with $10 costs and disbursements to appellants. Appeal from order of February 14, 1968 dismissed as academic, without costs. In our opinion, it will be necessary to hold a hearing relating to all the circumstances concerning the relationship of attorney Milton B. Shapiro and plaintiffs (CPLR 2218; CPLR 3211, subds. [a], [c]). The hearing court should determine the circumstances under which attorney Shapiro became an officer of plaintiff Pomona Enterprises, Ltd., particularly with reference to his duties to said plaintiff in all matters involving his former clients, the defendants; including, but not limited to, any indebtedness or other obligations owing by plaintiffs

to the attorney's former clients. The nature and scope of his duties as attorney and agent of plaintiffs must be fully explored to determine whether there has been a violation of canons 6 or 37 of the Canons of Professional Ethics (McKinney's Cons. Laws of N. Y., Book 29, Judiciary Law, Appendix, vol. 2, pp. 406–407, 419). The court should also consider whether the circumstances warrant a finding of a violation of canons 10, 19 and 34 of the Canons of Professional Ethics (McKinney's Cons. Laws of N. Y., Book 29, Judiciary Law, Appendix, vol. 2, pp. 408, 411, 418). The confidential relationship of trust and fair dealing survives the termination of the attorney-client relationship. Because we feel that the question of professional ethics must first be resolved, we do not at this time pass on the bare legal question of whether a claim for an attorney's fee can ever be assigned prior to obtaining a judgment thereon. There are situations in which such assignments, with or without a lien, are permissible. This, however, is always subject to the rule that the assignment not cause a breach of duty toward the attorney's client (cf. Judiciary Law, § 475; *Williams* v. *Ingersoll,* 89 N. Y. 508, 517; *Matter of Leopold,* 186 App. Div. 872, 875, affd. 226 N. Y. 692; *Robinson* v. *Rogers,* 236 App. Div. 1; *Sullivan* v. *Mayor,* 68 Hun 544; *Leask* v. *Hoagland,* 64 Misc. 156, 162–164, revd. on other grounds 136 App. Div. 658; *Hoxsey* v. *Hoffpauir,* 180 F. 2d 84; *Matter of Pyrocolor Corp.,* 46 F. 2d 554). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.